**Donald A. CATES, Appellant,**

v.

**Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Appellee.**

**No. 19849.**

United States Court of Appeals, Eighth Circuit.

March 19, 1970.

Donald A. Cates, pro se.

Calvin K. Hamilton, U. S. Atty., Kansas City, Mo., and Frederick O. Griffin, Jr., Asst. U. S. Atty., for appellee.

Before BLACKMUN, GIBSON and LAY, Circuit Judges.

LAY, Circuit Judge.

This appeal arises from the district court's denial of a writ of habeas corpus to a federal prisoner confined at the United States Medical Center in Springfield, Missouri. According to petitioner's pro se brief, his basic complaint in the district court related to (1) improper medical treatment and (2) his denial of access to law books. The district court, the Honorable William Collinson, upon review of the affidavits filed and the government's response to an order to show cause, as well as the medical record of the petitioner, denied petitioner relief. Petitioner's basic complaint upon appeal relates to a denial of right of counsel to properly present his case in the district court. We affirm the order of dismissal.

The district court determined from all of the records and current reports of the Springfield Medical Center that reasonable medical treatment was not in any way being denied the petitioner. The district court likewise found that there was no showing that the petitioner was being denied reasonable access to law books. We agree with both conclusions.

It is settled law in this circuit that a petition for a writ of habeas corpus is not the appropriate remedy to seek correction of alleged unconstitutional prison discipline. See Williams v. Steele, 194 F.2d 32, 34 (8 Cir. 1952), rehearing denied 194 F.2d 917, cert. denied 344 U.S. 822, 73 S.Ct. 20, 97 L.Ed. 640 (1952). See also United States ex rel. Knight v. Ragen, 337 F.2d 425 (7 Cir. 1964); Long v. Parker, 390 F.2d 816 (3 Cir. 1968); United States ex rel. Schonbrun v. Commanding Officer, 403 F.2d 371 (2 Cir. 1968). In the *Williams* case, we rejected reasoning to the contrary set forth in Coffin v. Reichard, 143 F.2d 443, 445 (6 Cir. 1944). However, in Harris v. Settle, 322 F.2d 908, 910 (8 Cir. 1963), we acknowledged that there can be exceptional situations where a court will undertake "to review the nature and conditions of a prisoner's otherwise lawful confinement." In *Harris*, we talked of treatment as being "so unreasonable as to constitute cruel and unusual punishment within the prohibition of the Eighth Amendment." 322 F.2d at 910. See also Haynes v. Harris, 344 F.2d 463 (8 Cir. 1965); cf. In re Baptista, 206 F.Supp. 288 (W.D.Mo. 1962).

Perhaps the best and most modern view relating to prisoner petitions was expressed by Chief Judge Haynsworth of the Fourth Circuit when he said in Roberts v. Pegelow, 313 F.2d 548 (4 Cir. 1963):

"The traditional function of the writ of habeas corpus is to test the legality of the detention. It is inappropriate to the procurement of the kind

of injunctive relief these petitioners seek. Unlearned inmates of penal institutions, however, are usually ignorant of the legal niceties of the procedural rules in the courts. If one presents in his own behalf a petition which clearly merits some relief, he ought not to fail entirely because he misconceives the nature of the proceeding or mislabels his petition. If the petition substantively is one for injunctive relief, the court most certainly has a discretionary right to treat it as such, despite the fact that the untutored petitioner has mistakenly designated it as a petition for a writ of habeas corpus." 313 F.2d at 549–550.

Some courts have adopted an "abuse of discretion" test as being the necessary prerequisite to review the action of prison officials. See e. g., Schack v. Florida, 391 F.2d 593 (5 Cir. 1968). Other courts, such as the Fourth Circuit, have followed the test of "reasonableness" in measuring allegations of lack of proper medical care. Blanks v. Cunningham, 409 F.2d 220 (4 Cir. 1969).[1]

▇ By whatever standard applicable, it is manifest that every prisoner's allegation relating to the denial of reasonable medical care does not fall within those "unusual or exceptional circumstances" which require an evidentiary hearing. The district court may reasonably determine whether a hearing is necessary based upon the petitioner's allegations as weighed against his medical records and the prison physician's response. The prisoner cannot be the ultimate judge of what medical treatment is necessary or proper for his care. See Ayers v. Ciccone, 300 F.Supp. 568 (W.D.Mo.1968), aff'd per curiam 413 F.

2d 1049 (8 Cir. 1969). In the absence of factual allegations of obvious neglect or intentional mistreatment, the courts should place their confidence in the reports of reputable prison physicians that reasonable medical care is being rendered. The district courts cannot become a forum to enjoin prison authorities for alleged negligence in rendering medical care to prisoners under the guise of habeas corpus or in any other action seeking injunctive relief.[2] Upon review of the record here, we find no error in Judge Collinson's careful appraisal of the record in deciding there was not a denial of any of the petitioner's rights.

▇ Petitioner's complaint that counsel should be appointed on his behalf must likewise be denied. Prior to the appointment of counsel in any post-conviction proceeding, the court should determine whether petitioner's claim necessitates a hearing under the standards of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) and Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). In the event that a hearing is required, it is still discretionary upon the district court as to whether counsel should be appointed. In making this decision, the district court should consider the complexities of the legal issues raised, the difficulty of the alleged factual controversy presented and the overall background of the individual petitioner. In most instances, when a hearing is necessitated, it may well be that appointed counsel is necessary, not only to aid the petitioner but the court as well. Cf. Sanders v. United States, 373 U.S. 1, 21, 83 S.Ct. 1068 (1963); Roach v. Bennett, 392 F.2d 743, 748 n. 3 (8 Cir. 1968). However, once the district court is satis-

---

1. In Edwards v. Duncan, 355 F.2d 993 (4 Cir. 1966), the Fourth Circuit observed in a civil rights action:

"The hands-off doctrine operates reasonably to the extent that it prevents judicial review of deprivations which are necessary or reasonable concomitants of imprisonment. Deprivations of reasonable medical care * * * are not among such concomitants * * *." 355 F.2d at 994.

2. Appropriate remedies remain available to seek damages arising out of harm caused by the negligence of prison officials. See e. g., United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963).

fied, upon review of the entire file and record, that there exists no controverted facts which if taken as true, would present a legitimate claim necessitating the issuance of a writ of habeas corpus, then there is no constitutional requirement for either a hearing or for the appointment of counsel.[3] This was properly ascertained to be the case here.

Judgment affirmed.

---

3. In Johnson v. Avery, 393 U.S. 483, 487–488, 89 S.Ct. 747, 750, 21 L.Ed.2d 718 (1969). Mr. Justice Fortas, speaking for the Supreme Court said:

"In most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing. E. g., Taylor v. Pegelow, 335 F.2d 147 (C.A. 4th Cir. 1964) ; United States ex rel. Marshall v. Wilkins, 338 F.2d 404 (C.A. 2d Cir. 1964). See 28 U.S.C. §

1915(d) ; R. Sokol, A Handbook of Federal Habeas Corpus 71–73 (1965).

"It has not been held that there is any general obligation of the courts, state or federal, to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief. See, e. g., Barker v. Ohio, 330 F.2d 594 (C.A. 6th Cir. 1964). Accordingly, the initial burden of presenting a claim to post-conviction relief usually rests upon the indigent prisoner himself with such help as he can obtain within the prison walls or the prison system."