**Alan Daniel WILWORDING, Appellant,**

v.

**Harold R. SWENSON, Warden, Appellee.**

**Donald L. BEISHIR et al., Appellants,**

v.

**Harold R. SWENSON, Warden, et al., Appellees.**

**Kenneth MILLS, Appellant,**

v.

**Harold R. SWENSON et al., Appellees.**

**Nos. 20264, 20313 and 20421.**

United States Court of Appeals, Eighth Circuit.

March 16, 1971.

Ronald M. Sokol, Kansas City, Mo., for appellants.

John C. Danforth, Atty. Gen., Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before GIBSON and BRIGHT, Circuit Judges, and McMANUS, Chief District Judge.

GIBSON, Circuit Judge.

The three cases involved in these appeals were filed as habeas corpus actions in the Western District of Missouri. All three petitions were concerned with the conditions of confinement or treatment of the petitioners in the Missouri State Penitentiary. The District Court in each case dismissed the petitions without prejudice for failure to exhaust state remedies. This Court by order of August 10, 1970, ordered the cases consolidated for hearing, limited "to the singular issue of the necessity to exhaust state remedies before seeking equitable relief in a federal court on complaints of alleged unconstitutional prison discipline."

None of the petitioners is attacking the legality of his conviction or detention. Each petitioner has been convicted of substantial and serious crimes [1] and has already collaterally tested the legality of his judgment of conviction. These current petitions do not seek release from custody but seek relief from alleged illegal restrictive confinement and present other complaints about treatment received from prison guards and employees and other conditions of confinement.[2]

Each petititioner has attempted to present these complaints to the Missouri courts, either by a petition for habeas corpus or by a proceeding under Rule 27.26 of the Missouri Supreme Court, V. A.M.R., which is analogous to a federal proceeding under 28 U.S.C. § 2255. (Section 2255 provides a method of collateral attack upon a federal sentence

---

1. Case No. 20264—Wilwording was convicted of first degree robbery in 1964 and sentenced to a term of 20 years.

   Case No. 20313—Beishir and Umfress were found guilty of second degree murder, and having other felony convictions, were sentenced under the habitual criminal act for life.

   Case No. 20421—Mills was convicted of manslaughter and burglary on a plea of guilty in 1968 and sentenced to terms of 6 years and 3 years.

2. It is alleged that each petitioner is in a maximum security section ; that the facilities are inadequate in many ways and lack conveniences for hygiene, recreational, educational and religious practices, thus depriving the petitioners of the basic amenities of life guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. In addition, three of the petitioners allege physical mistreatment by prison employees and all contend that their conditions of confinement are more stringent and restrictive than is necessary for the maintenance of prison discipline and security.

where the petitioner claims the right to be released from custody upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States). In all cases the petitioners' complaints were dismissed by the Missouri Supreme Court for failure to state grounds upon which relief could be granted. The Missouri Supreme Court in Goodman v. Swenson (No. 54872), considered the propriety of the use of state habeas corpus to test conditions of confinement in the Missouri penal system and dismissed without opinion the petition as failing to state a claim upon which relief could be granted, thus viewing the writ of habeas corpus *ad subjiciendum* as available only to release a prisoner from unlawful imprisonment. And the State's brief says that all petitioners seeking relief from alleged unconstitutional conditions of confinement by way of habeas corpus have been denied by the Missouri Supreme Court on the same ground of failure to state a claim.

This Court in Cates v. Ciccone, 422 F.2d 926 (8th Cir. 1970), reached a somewhat similar conclusion on the scope of federal habeas corpus, but recognized that "exceptional situations" were also reviewable by way of habeas corpus. Judge Lay speaking for the Court in *Cates* said:

> "It is settled law in this circuit that a petition for a writ of habeas corpus is not the appropriate remedy to seek correction of alleged unconstitutional prison discipline. [Citations omitted]. * * * However, in Harris v. Settle, 322 F.2d 908, 910 (8th Cir. 1963), we acknowledged that there can

be exceptional situations where a court will undertake 'to review the nature and conditions of a prisoner's otherwise lawful confinement.' " 422 F.2d at 927.

We are thus at the onset confronted with the issue of whether the petitioners' complaints are properly cognizable in a habeas corpus proceeding. As noted in *Cates*, complaints of conditions of confinement are generally not within the proper scope of a writ of habeas corpus or a proceeding serving a similar purpose of collateral review of a judgment of conviction and sentence such as the Missouri 27.26 proceeding or a federal § 2255 proceeding. This leads to the question of whether the allegations made in petitioners' complaints constitute such "exceptional situations" that the court will proceed to review the complaints. The line of demarcation in the latter situation as delineated in Harris v. Settle, 322 F.2d 908 (8th Cir. 1963) would be drawn between conditions or treatments that are so unreasonable as to constitute cruel and unusual punishment within the prohibition of the Eighth Amendment and those conditions which would not fall within that classification.

While there is no uniformity of treatment among the circuits as to the precise scope of the habeas corpus writ,[3] the courts have recognized the traditional scope of habeas corpus as extending basically to the legality of the confinement, but also have granted relief from certain conditions of confinement. The courts, moreover, have liberally construed the *pro se* complaints of inmates and have been inclined to grant some type of relief where proof of the condi-

---

3. The Annual Report of the Administrative Office of the United States Courts reveals that in 1970, state prisoners filed 11,812 petitions in the federal district courts. Of this number, 9063 were petitions for habeas corpus and 2749 were "other petitions". It seems reasonable to surmise that the bulk of these "other petitions" constituted complaints under 42 U.S.C. § 1983; and, of course, we have no way of knowing how many of the habeas corpus petitions contained complaints more

properly founded upon § 1983, but undoubtedly many of them did. This represented an increase of 350 per cent in all state prisoner filings over 1963. The "other petitions" filed represented an increase of almost 41 per cent over 1969, and an increase of 430 per cent since 1963.

In the Western District of Missouri that report shows state prisoners in fiscal year 1970 filed 313 petitions (215 habeas corpus and 98 mandamus and others).

tions alleged would clearly indicate that relief is merited. Roberts v. Pegelow, 313 F.2d 548 (4th Cir. 1963). *Roberts* held that while the traditional function of the habeas corpus writ is to test legality of detention the court has a discretionary right to treat the complaint as one for injunctive relief.

In this circuit we have accepted jurisdiction on complaints denominated as habeas corpus, writs of mandamus, and petition for physical examination as petitions for injunctive relief under the Civil Rights Statutes, 42 U.S.C. § 1983 and 28 U.S.C. §§ 1343(3) and (4) and viewed the cases brought therein as class actions within the scope of Rule 23, Fed.R.Civ.P. Jackson v. Bishop, 404 F.2d 571 (8th Cir. 1968). In an exhaustive opinion relating to prisoners' complaints about treatment amounting to cruel and unusual punishment in the Arkansas state prison system, Judge (now Mr. Justice) Blackmun approved the practice of treating prisoners' handwritten petitions, styled as petitions for habeas corpus and for writ of mandamus, as proceedings under 42 U.S.C. § 1983 and under 28 U.S.C. §§ 1343(3) and (4). *Accord,* Sharp v. Sigler, 408 F.2d 966 (8th Cir. 1968); *cf.* Cates v. Ciccone, 422 F.2d 926 (8th Cir. 1970). This practice has also received the approval of other circuits. *See* Smart v. Avery, 370 F.2d 788 (6th Cir. 1967); and *see also* Long v. Parker, 390 F.2d 816 (3d Cir. 1968), where the court treated the habeas corpus petition of a federal prisoner as a proceeding in the nature of mandamus under 28 U.S.C. § 1361.

The original and basic purpose of the writ of habeas corpus was to test the legality of the confinement, to seek release from alleged illegal custody. The federal pronouncements on the writ and in statutory proceedings implementing the writ all relate to release from confinement and custody. Section 2254 of Title 28 relating to state custody predicates jurisdiction on the ground that the person *is in custody* in violation of the Constitution or the laws of the United States, as does § 2255 re-

lating to postconviction review of federal prisoners which not only refers to the in-custody condition but to the fact that the petitioner is claiming a *right to be released* upon the ground that the sentence was illegal as violative of the Constitution or laws of the United States. However, habeas corpus has been utilized as a procedural method of airing prisoner's complaint and granting equitable relief where relief was indicated. Nelson v. George, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970); Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

■ In addition, the courts have exercised a discretionary right in liberally construing a petition denominated as habeas corpus as actually being filed pursuant to other statutes and then granted such relief as might be indicated by the facts, Jackson v. Bishop, 404 F.2d 571 (8th Cir. 1968). There is also a substantial trend to expand the habeas writ to cover many complaints not directed toward release from confinement. *See* Ronald P. Sokol, A Handbook of Federal Habeas Corpus § 9.5. However, since there are other considerations that apply to the filing of different types of equitable and civil actions, we should respect the discretion of the state courts on whether or not these complaints shall be entertained under the broad aegis of a habeas corpus proceeding.

■ The Missouri Supreme Court certainly has the right to determine its own procedure and the scope of the legal actions available for use in the courts of Missouri. Although petitioners argue that there is only one civil action in Missouri and the Missouri courts are bound to entertain any complaint and construe the complaint to provide any available relief, we do not think this contention is sound as here we are dealing with an extraordinary writ recognized in our Constitution and made free-

ly available without requirements applicable to ordinary civil complaints. The orderly administration of justice requires rules and regulations respecting the manner in which complaints shall be presented to the courts. In any event we think the State and the Supreme Court of Missouri have the undeniable and inherent right to fashion their own rules and regulations on the filing of civil cases and extraordinary writs so long as no constitutional requirement is impinged and the further right to interpret their own rules and regulations. Additionally the federal courts should not only respect but be bound by a state's interpretation of its own rules.

▉ Therefore, we think petitioners should respect Missouri rules of procedure and make an effort to fully present their claims for equitable relief to the Missouri courts by mandamus or prohibition for the claimed violations of §§ 216.445, 216.450, 222.020 [4] R.S.Mo., V.A. M.S., or by way of an injunction seeking relief from alleged deprivation of constitutionally or otherwise legally protected rights. *See* § 526.030 R.S.Mo., V.A.M.S.[5] To the extent that these petitions are not cognizable in habeas corpus under Cates v. Ciccone, *supra,* the District Court's decision is correct and the petitioners must look elsewhere for a forum. However, to the extent their complaints are cognizable in federal habeas corpus, which does include certain conditions of confinement or treatment, the rules and statutory procedures governing habeas corpus should be followed. We recognize that some conditions of confinement or treatment might properly be justiciable issues under the Civil Rights Act, 42 U.S.C. § 1983, and under other federal statutes. However, in dealing with the present petitions as proceedings seeking equitable relief or injunctions under the habeas corpus writ, the federal courts should respect the congressional mandate of § 2254 of Title 28 U.S.C. requiring that the petitioner "exhaust the remedies available in the courts of the state, or that there is either an absence of available state corrective process or the existence of circumstances rendering such processes ineffective to protect the rights of the prisoner."

▉ Exhaustion requires the petitioner to raise the issue "by any available procedure" and comprehends an opinion of the highest state court on the merits of the precise issue involved, provided state procedures are available. *See* Kennedy v. Sigler, 397 F.2d 556 (8th Cir. 1968); State of Louisiana ex rel. Gwin v. Dees, 410 F.2d 321 (5th Cir.), cert. denied, 396 U.S. 918, 90 S.Ct. 241, 24 L.Ed.2d 196 (1969); and Thompson v. Peyton, 406 F.2d 473 (4th

---

4. Section 216.445 provides as follows:
   "No officer or employee in any penal or correctional institution in this state shall inflict any blows whatever on any inmate unless in self defense or to suppress a revolt or insurrection. When several prisoners combine or a single prisoner offers violence to an officer of a state penal institution or to another prisoner, or does attempt to do injury to any building, workshop or other property or attempts to escape or resists or disobeys any lawful command, the officers of the institution shall use all suitable means to defend themselves, to enforce discipline, to secure the persons of the offenders and to prevent any such attempt or escape."
   Section 216.450 provides as follows:
   "Cruel and unusual punishments shall not be administered in any correctional institution in this state. The division shall adopt a code for correctional discipline with separate provisions applying to each of the correctional institutions, to be observed by their administrative officers."
   Section 222.020 provides as follows:
   "The person of a convict sentenced to imprisonment in an institution within the state department of corrections is under the protection of the law and any injury to his person, not authorized by law, is punishable in the same manner as if he were not under conviction and sentence * * *."

5. Section 526.030 provides in part:
   "The remedy by writ of injunction or prohibition shall exist in all cases * * * to prevent the doing of any legal wrong whatever, whenever in the opinion of the court an adequate remedy cannot be afforded by an action for damages."

Cir. 1968). The denial by the Missouri Supreme Court of the habeas corpus petitions for failure to state a claim on which any relief can be granted does not exhaust all available state remedies. *See* Cox v. Nash, 226 F.Supp. 87 (W.D. Mo.1964); Russell v. Swenson, 251 F. Supp. 196 (W.D.Mo.1966).

The State of Missouri has statutory enactments respecting the operations and administrations of penal institutions.[6] These provisions are certainly enforceable within the state court structure by some type of proceeding, either by mandamus, prohibition, injunction or other equitable proceeding. In addition, the state structure of government from the governor on down is responsive to the needs and aspirations of the citizens of the state and to the complaints of those who claim to be oppressed. Missouri, in fact, has one of the best post-conviction reviews set up by Supreme Court Rule 27.26 whereby a full hearing with counsel is provided (for release from confinement). And the State courts should be afforded the opportunity, within their own procedural rules, to pass upon complaints of unconstitutional treatment of state prisoners.

A practical problem does arise as to how manifold complaints of those subject to prison discipline are received, weighed, evaluated and relief granted. The state administrative procedure act is available as are suits for damages, mandamus, injunctions and other equitable relief as previously discussed. The petitioners feel that these state remedies will not be effective although they have not attempted to pursue any of them. Under § 2254 they should try available state procedures before requesting equitable relief in the federal courts. The probability of success on the merits in a particular type of state complaint or review is no criterion for testing the adequacies of state review for the purpose of exhausting state remedies. Boyd v. Oklahoma, 375 F.2d 481 (10th Cir. 1967); Daegele v. Crouse, 429 F.2d 503 (10th Cir. 1970).

██ Federal courts are not courts of general jurisdiction but have only such jurisdiction as is extended by the Constitution and laws of the United States. Jurisdiction in a federal habeas corpus must relate to a deprivation of a federally guaranteed right and does not extend to all types of complaints.

██ As we have emphasized before, matters of internal prison administration should not be interfered with by the federal courts. Lee v. Tahash, 352 F.2d 970 (8th Cir. 1965). The federal courts certainly should not be put into the position of having to pass upon the classification of prisoners and the method of classification. The fact that all of the petitioners, two of whom were convicted of murder and other substantial offenses, were placed in maximum security does not on its face show state authorities to be acting unreasonably. Burns v. Swenson, 430 F.2d 771 (8th Cir. 1970); Sharp v. Sigler, 408 F.2d 966, 971 (8th Cir. 1969).

In closing we think it appropriate to note the suggestion of the Attorney General of Missouri that the State of Missouri has statutory provisions relating to penal discipline, prison administration and conditions of judicially imposed confinements.[7] When these laws are violated the Attorney General suggests that a prisoner may bring a suit for injunction, a writ of prohibition, or mandamus or a declaratory judgment in the state courts seeking relief. We have no way of knowing whether such petitions would be successful in reaching the merits, but that is no reason why cases of this type should not be presented to the Missouri courts in an appropriately recognized proceeding. And we assume that the Missouri courts will be diligent in protecting prisoners' rights where a

---

6. See footnotes 4 and 5.

7. See footnotes 4 and 5. In addition Missouri Constitution, V.A.M.S., Article I, §

21 prohibits cruel and unusual punishment.

proper case is presented. *See* Miller v. Owsley, 422 S.W.2d 39 (Mo.1967).

In summary we think in the context of this consolidated appeal and to the extent that the petitions seek equitable relief cognizable in habeas corpus the petitioners should exhaust all available state judicial remedies, including mandamus, prohibition, injunction and any other judicial proceeding that might be available to present their complaints before presenting their complaints to the federal courts. Should the state afford them no adequate avenue of relief, they may reapply to the federal district court.

The judgments of the District Court are affirmed.