**Vincent Kenneth CAVALLARO,
Appellant,**

v.

**Harold R. SWENSON, Warden, Missouri
State Penitentiary, Appellee.**

**No. 20419.**

United States ·Court of Appeals,
Eighth Circuit.

March 16, 1971.

Vincent K. Cavallaro, filed brief pro se.

John C. Danforth, Atty. Gen., and Kenneth M. Romines, Jefferson City, Mo., filed brief for appellee.

Before GIBSON and BRIGHT, Circuit Judges, and McMANUS, Chief District Judge.

PER CURIAM.

Petitioner Cavallaro appeals from the dismissal without prejudice of his petition for habeas corpus for failure to exhaust his state remedies. Petitioner is serving sentences in the Missouri State penitentiary for first and second degree murder. He does not attack the legality of his conviction or confinement in this action. His complaint is that upon entering the prison May 9, 1969, to commence serving his sentence, he was not processed through the ordinary prison procedures for new inmates but was immediately taken to a special extra-punitive unit, where he has since been continuously confined. Petitioner has filed habeas corpus petitions presenting this complaint in the Circuit (trial) and Supreme Courts of Missouri which were dismissed without opinion as failing to state a claim upon which relief could be granted.

Petitioner's complaint clearly relates to a condition of his confinement.

**1338**

As such, it is not cognizable in the State of Missouri by means of a petition for habeas corpus. However, we have previously held under similar circumstances that other remedies may be available in the State of Missouri for hearing these types of cases. Wilwording v. Swenson, 439 F.2d 1331 (8th Cir. 1971). Before presenting these claims to the federal courts by means of federal habeas corpus, he must exhaust these other remedies. 28 U.S.C. § 2254. Petitioner should pursue the course of action suggested in the *Wilwording* case, *supra.*

The judgment of the District Court is affirmed.