Robert E. BURNS, Petitioner,

v.

F. T. WILKINSON, Director, Missouri Department of Corrections, Jefferson City, Missouri, et al., Respondents.

Civ. A. No. 1731.

United States District Court, W. D. Missouri, C. D.

Aug. 16, 1971.

Robert E. Burns, pro se.

ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND JUDGMENT DISMISSING "PETITION FOR INJUNCTIVE RELIEF" WITHOUT PREJUDICE TO ADEQUATE STATE REMEDIES

WILLIAM H. BECKER, Chief Judge.

Petitioner, a state convict confined in the Missouri State Penitentiary, has submitted in this Court a "petition for injunctive relief and other appropriate relief" in which he founds jurisdiction of the federal court on the Federal Civil Rights Act, § 1983 and § 1985, Title 42, United States Code. Jurisdiction is proper under § 1343(3) and (4), Title 28, United States Code. Petitioner requests leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states the following as grounds for his contention that the conditions of his confinement in the Missouri State Penitentiary violate his federal rights:

" * * * that [petitioner's] Constitutional rights have been threatened and violated by an attempt to abridge the freedom of speech, deny the right to petition government and of access to the courts, by the imposition of cruel and unusual punishment, the denial of due process of the laws, the equal protection of the laws, the equal privileges and immunities of the laws, entitling him to relief under the Civil Rights Act hereinabove invoked."

Petitioner states the following as facts in support of the above allegation:

"[Petitioner] would allege that on Tuesday the third day of August 1971, after being returned from the federal district courtroom following an appearance before District Judge William Collinson, in which your plaintiff was the complainant, and as a direct result thereof, that that evening at some time before midnight that he was ordered and compelled by guards at the prison to strip naked in an aggressive and belligerent manner, that he was taken from the immediate vicinity of his cell and was peremptorily constrained to remain undressed in the cold night air while said cell was ransacked and searched.

"Your petitioner charges that the above acts were taken for the purpose of intimidating, harassing and punishing plaintiff. That it is intended to chill plaintiff, and prospective plaintiffs and witnesses from engaging in constitutionally protected activity. That it is overtly designed to create an atmosphere of fear so that plaintiff and other prisoners will be afraid to speak in court, or to petition or seek access to the courts.

"Petitioner would further allege that said illegal search may also be an effort by the defendants and their agents to obtain the names of prospective witnesses or an attempt to seize or scan writings and notes concerning litigation that shall be filed.

"Petitioner would allege that the malicious measures, deprivations, and denials are part of a continuing conspiracy on the part of said defendants, their subordinates, employees, agents and assigns, to retaliate against and otherwise harass your petitioner for legal acts and legal actions now pending in the Courts."

Petitioner therefore demands the following relief:

"Petitioner alleges that great and irreparable harm may come to him through his depraved, vicious, and unprincipled keepers if a temporary restraining order enjoining the following is not issued pending a prompt and expeditious hearing;

"That they may be enjoined from illegally searching, scanning, copying or seizing legal notes and writings of, and belonging to, petitioner.

"That they be enjoined from verbally or physically abusing or menacing plaintiff as has occurred to others seeking legal redress of grievances.

"That they be enjoined from arbitrarily or capriciously subjecting plaintiff to summary punishment or assignment.

"That they be enjoined from physically or verbally attempting to intimidate or instill fear into the witnesses of plaintiff or those he advises in legal cases.

\*　　\*　　\*　　\*　　\*　　\*

"That this honorable court award plaintiff damages, including exemplary damages, in such amount as to the court may seem just and proper. And not inconsistent with a jury trial."

 In alleging that he was searched while in lawful custody, not at an unreasonable hour or in an unreasonable manner, nor that anything was taken from him as a result of the search, petitioner has not stated any denial of any federal right. A prisoner is entitled to the protection of the Fourth Amendment's proscription of unreasonable searches and seizures. Brown v. Kearney (C.A.5) 355 F.2d 199; United States v. Hallman (C.A.3) 365 F.2d 289. "[T]he right to be free from unreasonable searches and seizures is one of the rights retained by prisoners subject, of course, to such curtailment as may be made necessary by the purposes of confinement and the requirements of security." Palmigiano v. Travisono (D.R.I.) 317 F.Supp. 776, 791. The facts alleged by petitioner, of a single search "at some time before midnight" carried out in an "aggressive and belligerent" manner, but during which no actual assault or other abuse is stated to have taken place, do not demonstrate that the search was unnecessary and unrelated to prison security. No violation of any federal right is thereby made out to warrant interference by a federal court in the control, discipline, treatment and security of state prisoners by the state of Missouri. Jackson v. Bishop (C.A.8) 404 F.2d 571, 577, and cases there cited. Frequent searches and inspections of a prison are warranted by prison control and security needs. In Lanza v. New York, 370 U.S. 139, 143, 82 S.Ct. 1218, 1221, 8 L.Ed.2d 384, 388, it was stated that "In prison, official surveillance has traditionally been the order of the day," and the Court cited with approval a New York jail regulation directing frequent and thorough searches of all parts of the jail for contraband. A convict loses a great measure of his protection against unreasonable searches and seizures. Martin v. United States (C.A.4) 183 F.2d 436; United States ex rel. Lombardino v. Heyd (E.D.La.) 318 F.Supp. 648, 650. In United States v. Follette (S.D.N.Y.) 282 F.Supp. 10, 13, it was held that, with respect to convicted probationers, a search could be deemed unreasonable "only if made too often or if made at an unreasonable hour or if unreasonably prolonged or for other reasons establishing arbitrary or oppressive conduct by the parole officer." None of these conditions are alleged by petitioner, nor are they inferable from the complaint or petition filed in this case, construing it most favorably to petitioner under the rule of Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148. A ruling in favor of petitioner on the facts which he has alleged would set a precedent which would endanger the security of the prisons and the personal

safety of the persons who maintain and guard the prisons. Cf. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. Petitioner therefore does not state any claim of denial of a federal right with respect to the search of his person and cell which was allegedly conducted by defendants on August 3, 1971. Nor does he allege any facts which, if true, would constitute irreparable injury.

Petitioner requests relief respecting other alleged violations of federal rights which have not happened to him, but to others. In this category, he lists verbal and physical abuse and attempting "to induce through promises, threats or bribes the cessation of litigation." Further, he requests relief in respect to the searching and "scanning, copying or seizing of his legal matter," when no statement is made that any of his papers or mail have been interfered with contrary to his federal rights. The same is true of his request for an injunction against arbitrary punishment.

With respect to these requests for relief, petitioner has not stated any claim for damages under the Federal Civil Rights Act. No facts are stated which would even conclusionally constitute a claim under that Act. If his witnesses had been intimidated, it is conceivable that petitioner could state a claim under § 1985(2), Title 42, United States Code. But petitioner does not state that his witnesses have in fact been intimidated. He apparently only seeks an injunction to guard against the future possibility of intimidation. No claim for damages can be regarded as having been stated by these allegations.

Threatened injuries to one's civil rights might conceivably be made the subject of injunctive relief or relief in federal habeas corpus. See Reynolds v. Swenson (W.D.Mo.) 313 F.Supp. 328. But, in either case, immediate, extraordinary relief in this Court would, in the absence of exceptional circumstances not stated to be present in this case, necessarily be conditioned on petitioner's exhaustion of his currently available state remedies. Thus, in Potwora v. Dillon (C.A.2) 386 F.2d 74, 77, it was held that a petition for injunctive relief under the Federal Civil Rights Act was subject to the requirement of exhaustion of state remedies. It was noted that, in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L. Ed.2d 492, the Supreme Court had generally held that state remedies need not be exhausted in order to maintain a claim under the Federal Civil Rights Act, but that:

> "Monroe v. Pape was an action for damages and the quoted statement must be read in that light; the Court surely had no intention to abrogate in civil rights cases the historic rule, embodied long ago in § 16 of the First Judiciary Act, 1 Stat. 82 (1789), and later in Rev.Stat. § 723 and 28 U.S.C. § 384 (1940 ed.) that suits in equity shall not be sustained in courts of the United States 'in any case where a plain, adequate and complete remedy may be had at law.'"

Prisoners have, in the federal district court, an adequate and available legal remedy by which they may obtain immediate and extraordinary relief by means of a petition for habeas corpus. Black v. Ciccone (W.D.Mo.) 324 F.Supp. 129, and cases there cited. See also James v. Headley (C.A.5) 410 F.2d 325, 335, where it is said:

> "[Appellants] [argue] that the district court erred in dismissing their class action for injunctive relief under Section 1983 and transforming it into a simple habeas proceeding. They argue that their complaint stated proper grounds for both equitable and class relief. It is basic learning that a court will not grant equitable relief if there is an adequate remedy at law."

In the absence of exceptional circumstances not stated to be present in the case at bar, a state prisoner must exhaust his currently available state remedies before he may invoke federal habeas jurisdiction. Section 2254, Title 28, United States Code. In Wilwording

**98**

v. Swenson (C.A.8) 439 F.2d 1331, 1335, it was recently held that state prisoners seeking writs of federal habeas corpus in respect to conditions of their confinement should:

> "make an effort to fully present their claims for equitable relief to the Missouri courts by mandamus or prohibition for the claimed violations of §§ 216.445, 216.450, 222.020 R.S.Mo., V. A.M.S., or by way of an injunction seeking relief from alleged deprivation of constitutionally or otherwise legally protected rights. See § 526.030 R.S. Mo., V.A.M.S."

Petitioner therefore should file a petition for mandamus, prohibition or injunction in the Circuit Court for the county wherein he is held, seeking to enforce his right under the state laws and the concomitant duty of the respondents not to interfere with his federal rights. See also Cavallaro v. Swenson (C.A.8) 439 F.2d 1337; Howard v. Swenson (C. A.8) 441 F.2d 256. From any adverse decision of that Court, petitioner should appeal to the Missouri Supreme Court. In the absence of exceptional circumstances not stated to be present in this case, only when the Missouri Supreme Court has ruled adversely to petitioner on the merits of his contentions can his state remedies be deemed exhausted for the purposes of federal habeas jurisdiction. Wilwording v. Swenson, *supra*; Cox v. Nash (W.D.Mo.) 226 F.Supp. 87.

For the foregoing reasons, petitioner's petition herein for injunctive relief will be dismissed without prejudice to any relief he might be able to obtain in the courts of Missouri. Petitioner states no claim for damages.

It is therefore

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Adjudged that the "petition for injunctive relief, and other appropriate relief" be, and it is hereby, dismissed without prejudice.