William Thornton **BLAKEY, #98184,** Virginia State Penitentiary, Plaintiff,

v.

**SHERIFF OF ALBEMARLE COUNTY,** Charlottesville, Virginia, Defendant.

Civ. A. No. 72-C-7-C.

United States District Court, W. D. Virginia, Charlottesville Division.

Aug. 18, 1972.

Haugh & Helvin, Charlottesville, Va., for defendant.

OPINION AND JUDGMENT

DALTON, District Judge.

This case is a civil action against George Bailey, Sheriff of Albemarle County, Virginia, filed *in forma pauperis* on March 8, 1972, by William Thornton Blakey, a state prisoner.

This action was originally filed in the United States District Court for the Eastern District of Virginia, and by order dated March 8, 1972, was transferred to this court.

126

Plaintiff alleges in his complaint a violation of his constitutional rights under the Eighth Amendment to the United States Constitution. He asks for damages of $150,000, thereby satisfying the jurisdictional requirements under 28 U.S.C.A. § 1331(a).

Plaintiff specifically alleges that he was denied medical care during his five-month confinement in the Albemarle County jail and that this constituted cruel and unusual punishment in violation of the Eighth Amendment. He stated that he had twenty teeth that needed dental treatment and also had earaches and headaches due to the lack of medical care. Plaintiff alleges that other inmates in the same cell were given medical treatment upon request.

Defendant filed a motion for a more definite statement on March 28, 1972, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. This court granted defendant's motion in an order dated June 27, 1972, and directed plaintiff to answer with definiteness the motion for a more definite statement. Plaintiff subsequently forwarded a "Document of Evidence" on June 30, 1972, stating that he was confined from August 22 to December 15, 1971, and that the following persons, whose signatures appear on the document, heard him request dental care on many occasions: George C. Hanahan; Thomas E. Hill; Denni Crawford; and Dewey Butler. Plaintiff also stated he was held without a warrant in the county jail.

Defendant, on August 11, 1972, filed an answer and a motion to dismiss. In his affidavit, filed with the motion, Sheriff Bailey states that he had no knowledge that plaintiff was in need of medical care, nor did he have knowledge that the plaintiff requested medical care. He further avers that medical care was made available to plaintiff through visits of the regular physician to the county jail. He states that he had no knowledge that the plaintiff ever lacked medical care and that he believes that he performed every act for plaintiff that he was required to do.

■ This court is of the opinion that plaintiff has failed to state a proper claim upon which relief can be granted. He alleges that he had twenty teeth that needed dental treatment. Dental defects occur over a period of time and plaintiff had ample opportunity before arriving in jail to seek dental treatment. There is no evidence that plaintiff made known his plight to the regularly visiting physician and Sheriff Bailey states that he had no knowledge that plaintiff was in need of medical care. The defendant cannot have been negligent in his duties if plaintiff never made his condition known to him. Furthermore, plaintiff's claim that he had headaches and a pain in his right ear due to lack of medical care is not sufficient to support a claim for relief.

■ The evidence here has failed to establish that Sheriff Bailey either rendered cruel or unusual punishment or failed to provide constitutionally required medical treatment. As the court stated in Cates v. Ciccone, 422 F.2d 926 (8th Cir. 1970), a prisoner cannot be the ultimate judge of what medical treatment is necessary and proper for his care. Absent factual allegations or obvious neglect or intentional mistreatment, courts should place their confidence in the reports of reputable prison physicians that reasonable medical care is being rendered. Cates v. Ciccone, supra at 928. In this instance, medical care was made available to the plaintiff through visits of the regular physician for the county jail. There is no evidence that plaintiff was suffering from any serious ailment, nor does the evidence show that defendant in any manner proximately caused plaintiff's condition or that any permanent damage resulted.

Because plaintiff has failed to state a claim upon which relief may be granted, this court grants defendant's motion to dismiss and accordingly dismisses plaintiff's complaint.

If the plaintiff wishes to appeal this judgment or any part thereof, he should file with the clerk of *this* court within

thirty (30) days a notice of appeal. Failure to do so within thirty (30) days may result in a denial of the right of appeal. The notice of appeal shall include the following:

1. the judgment, order or part thereof appealed from;

2. the party or parties taking the appeal; and,

3. the court (United States Court of Appeals for the Fourth Circuit) to which an appeal is sought.