Tommy Lee WILBRON, Appellant,

v.

Terrell Don HUTTO, Commissioner, Arkansas Department of Correction, et al., Appellees.

No. 74–1866.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1975.

Decided Jan. 28, 1975.

Tommy Lee Wilbron, pro se.

James Guy Tucker, Atty. Gen., and Michael S. Gorman, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before MATTHES, Senior Circuit Judge, and STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

Tommy Lee Wilbron, an inmate at the Cummins Unit of the Arkansas Department of Correction, brought this civil rights complaint against the Commissioner of Correction alleging the denial of adequate medical care.

Specifically, appellant claims that a physician at the Arkansas State Hospital informed appellant that he would need an operation on his injured hand; that the prison officials have not returned him to the hospital for the required surgery; that prison officials have refused appellant any further medical treatment; and that they have forced him to work

in the fields causing further pain and injury to his hand.[1]

The district court[2] secured appellant's medical records from the prison. Upon examination of the records along with appellant's *pro se* complaint the court determined that no federal claim had been stated and dismissed the complaint, saying in part:

The medical records of the Cummins Unit reveal that the physician at the Arkansas State Hospital stated that the petitioner might require an exploratory operation, but that he had doubts as to the benefits to be derived from such an operation. These records also reveal that the petitioner has been seen by prison medical personnel several times since his last trip to State Hospital and was examined and X-rayed by the prison physician as recently as June 4, 1974.

In light of this record and inasmuch as it appears that petitioner is receiving medical attention from the respondents, what remains is a mere disagreement between the petitioner and the prison physician as to what treatment is necessary for his care. In such cases, the Court should rely on the reports of the prison physician and leave the matter to his judgment. (Citing cases.)

■ Of course, a prisoner's *pro se* petition should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

This court has recognized that "a charge of deliberate indifference by prison authorities to a prisoner's request for essential medical treatment is sufficient to state a claim." Freeman v. Lockhart, 503 F.2d 1016 (8th Cir. 1974), *citing* Corby v. Conboy, 457 F.2d 251 (2d Cir. 1972).

■ Allegations of mere negligence in the treatment of a prisoner's condition or claims based upon differences of opinion over matters of medical judgment fail to state a federal constitutional question absent exceptional circumstances. Jones v. Lockhart, 484 F.2d 1192 (8th Cir. 1973); Cates v. Ciccone, 422 F.2d 926 (8th Cir. 1970).

■ We find that the district court acted properly in securing appellant's medical records. *Cf.* Cates v. Ciccone, *supra*. It may well be, as the trial court found, that in light of the record what remains is a mere disagreement between the petitioner and the prison physician as to what treatment is necessary. Under such circumstances the petitioner could obviously prove no set of facts which would entitle him to relief in federal court.

However, from the record before this court it is impossible to determine the truth or falsity of appellant's claim that he was "forced to go to work as though he had no injury" without the requisite medical release. Judge Henley made no specific finding on this point.

We remand. The district court should determine on remand whether appellant was returned to work without medical authorization from the prison physician.

Remanded.

1. Other contentions are raised for the first time on appeal. We express no view on these contentions.

2. The Honorable J. Smith Henley, Chief Judge, United States District Court for the Eastern District of Arkansas.