David W. TURNER, Petitioner,

v.

B. C. PLAGEMAN, Superintendent, Respondent.

Civ. A. No. 76–0021(L).

United States District Court, W. D. Virginia, Lynchburg Division.

July 26, 1976.

David W. Turner, pro se.

Alan Katz, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

David Wayne Turner, an inmate at Rustburg Correctional Unit # 9, has filed this *pro se* complaint in this court's Lynchburg Division. He seeks injunctive relief pursuant to 42 U.S.C. § 1983. Jurisdiction over this case is conferred upon this court by 28 U.S.C. § 1343.

The respondent in this action, the Superintendent of Field Unit # 9, has filed a motion for summary judgment and submitted affidavits and exhibits in support of this motion. Following the receipt of this motion, this court notified petitioner of his right to submit counter-affidavits. On June 21, 1976, this court received a "motion to dismiss summary motion" in response to the previous motion for summary judgment.

Petitioner's claims are twofold. First, he alleges that he requested, but was denied permission, to be excused from road work due to sickness. He further alleges that after being denied an excused absence, he requested to be placed in solitary confinement, which request was also denied. Secondly, petitioner alleges that Unit # 9 is unsanitary and overcrowded.

As to petitioner's first claim, the uncontradicted facts reveal that on April 7, 1976 the petitioner requested permission to be absent from work due to his alleged headaches and dizziness. An officer took petitioner's temperature, which was normal, and petitioner was ordered to go to work and to see the Unit nurse that night. Petitioner refused to return to work and was charged with "unexcused absence from work." Petitioner also requested to be placed in solitary confinement, but this request was denied. The charge against petitioner was heard by the Institutional Adjustment Committee and petitioner was found guilty and sentenced to five days in isolation.

While a prisoner is entitled to reasonable medical attention, *Blanks v. Cunningham,* 409 F.2d 220 (4th Cir. 1969), this does not mean that an inmate is always to be accorded the medical treatment that he sees fit. *Cates v. Ciccone,* 422 F.2d 926 (8th Cir. 1970). This principle rests on the well-settled premise that prison personnel and not inmates must make the decisions concerning medical care. Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system, *Price v. Johnston,* 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948). See also *Meachum v. Fano,* —— U.S. ——, 96 S.Ct. 2532, 49 L.Ed.2d —— (1976).

Careful consideration of this claim leads this court to the conclusion that the petitioner is merely disagreeing and objecting to a decision by penal officials, which was within their discretion to make. The officials had sufficient cause to believe, after taking petitioner's temperature that morning that he was capable of working and to order him to work and punish him for not working does not constitute a denial of medical attention so grievous as to violate the Constitution.

Petitioner's second claim of overcrowdedness and unsanitary conditions is bolstered by few specific observations. In

his original complaint he notes that the beds at Unit # 9 are kept very close together and that after every man has taken a shower, there is hardly enough water to flush the toilets. The plaintiff also objects in his "motion to dismiss summary judgment" to the quality of the food calling it "improperly prepared" and pointing to the fact that cups and utensils are sometimes dirty.

In assessing the living conditions at Unit # 9 as outlined by the petitioner, this court must consider whether they are sufficiently shocking that they amount to "cruel and unusual punishment." *McCray v. Burrell,* 516 F.2d 357 (4th Cir. 1975), *Landman v. Royster,* 354 F.Supp. 1302 (E.D.Va.1973). While the standards to be applied are difficult to discern, the court is guided by numerous other similar claims and by the countervailing policy that incarceration brings with it prison type living conditions. See *Gates v. Collier,* 501 F.2d 1291 (5th Cir. 1974), *Novak v. Beto,* 453 F.2d 661 (5th Cir. 1971), *Breeden v. Jackson,* 457 F.2d 578 (4th Cir. 1972), *Sweet v. South Carolina Department of Corrections,* 529 F.2d 854 (4th Cir. 1975), *Holt v. Sarver,* 300 F.Supp. 825 (E.D. Ark.1969). After careful consideration of this claim, this court is sufficiently convinced that the previously described conditions do not violate the Constitution.

Accordingly, this court is of the opinion that the respondent is entitled to summary judgment and herein awards said judgment. The clerk is directed to certify a copy of this opinion to petitioner and counsel for respondent.