Seymour F. X. [COTTON, Jr.], et al., Appellants,

v.

Terrell Don HUTTO, Commissioner, Arkansas Department of Correction, et al., Appellees.

No. 76–1270.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 13, 1976.

Decided Aug. 27, 1976.

Seymour F. X. Cotton, Jr., pro se.

Jim Guy Tucker, Atty. Gen. and Jack Lassiter, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before BRIGHT, ROSS, and STEPHEN-SON, Circuit Judges.

BRIGHT, Circuit Judge.

We have consolidated under one docket number appeals from two civil rights complaints by Seymour F. X. Cotton, Jr., in which other prisoners have joined in some of the allegations. We treat the two cases in separate parts of this opinion.

I. *Seymour F. X. [Cotton, Jr.], et al. v. Terrell Don Hutto, etc. D.C. No. PB–76–C–85.*

This § 1983 action was brought by six inmates of the East Building (the maximum security facility) at the Cummins Unit, Arkansas Department of Correction. The defendants are Terrell Don Hutto (commissioner of the Arkansas Department of Correction), A. L. Lockhart (Cummins' superintendent), and various employees of the Department of Correction. The complaint seeks an injunction, damages, and declaratory relief to redress what the plaintiffs allege to be unconstitutional conditions of confinement.

█ The district court dismissed the action prior to service on defendants. Plaintiffs appeal.

The complaint includes the following allegations:

1) On January 1, 1976, the prisoners were not allowed to watch the 11:00 p. m. news.

2) Some of the prisoners cannot afford newspapers or radios.

3) The prisoners are never allowed to watch the 6:00 p. m. news.[1]

4) The prisoners have no gym privileges.

5) The prisoners are allowed to leave the building only twice a day, at meal time.

6) The prisoners are allowed to shower only three times a week, for three minutes at a time.

7) The prisoners' clothes are ragged, and not as well laundered as those of other prisoners.

---

1. The complaint does not allege that the prisoners were denied access to all news of outside events, only that particular means of access to outside news were limited.

8) Their clothes are not pressed.

9) The prisoners' mattresses are thin.

10) There is no air conditioning in the summer.

These recited charges do not independently or conjunctively show a violation of the prisoners' constitutional rights.

A second group of grievances contains complaints of one of the six prisoners, Bobby James Roberts. The district court indicated that Roberts' claims were subject to dismissal because they had been raised in a separate action pending before the court. Appellants do not challenge this ruling on appeal, nor does the record show any error in that dismissal.

A third group of complaints relates to medical care. These prisoners state, "It's impossible for the prisoners of the East Bldg. not to stay sick for which they're only allowed to complain to the prison doctor on Tuesday if he happened to have his self placed on the sick-call list which is brought around to the cells on Sunday night."

■ This allegation fails to state a claim for relief. It does not assert that a particular prisoner was denied medical care on a particular occasion or was harmed thereby. See Ellingburg v. King, 490 F.2d 1270 (8th Cir. 1974). Moreover, it does not show the deprivation of medical care or "deliberate indifference" required to state a claim for denial of medical care. See Wilbron v. Hutto, 509 F.2d 621 (8th Cir. 1975); Cates v. Ciccone, 422 F.2d 926, 928 (8th Cir. 1970). At most, appellants have asserted that they have "difficulty in getting to see a doctor * * *." See Mason v. Ciccone, 517 F.2d 73, 75 (8th Cir. 1975). This alone does not entitle them to relief.

■ An additional allegation deserves comment. Appellants assert that "sadistic wardens turn the air conditioner or blower on back in the cell area during showering of the prisoners, and during the winter months." This allegation must be read in light of the pattern of "habitual harassment of inmates by prison personnel, through physical and mental abuse * * *" which has been found to exist at Cummins. See Finney v. Arkansas Bd. of Corrections, 505 F.2d 194, 205 (8th Cir. 1974). This charge alleges no substantial harm to anyone and with the advent of summer weather, this specific harassment obviously has ended.

If the conditions complained of grow into constitutional violations, the prisoners' rights are protected. Conditions in Arkansas prisons, including adequacy of medical care, remain before the federal court. See Finney v. Arkansas Bd. of Corrections, supra. In dismissing these actions, the district court also commented on the still pending litigation, aspects which we considered in Finney, relating to substandard conditions in the Arkansas prisons. The district court in this context said:

> The Court has general prison conditions under advisement in Holt v. Hutto, No. PB–69 C–24, and consolidated cases. Even if they rose to the level of a constitutional violation, the allegations of petitioners in the instant case will not aid the Court in the resolution of those issues.

Under these circumstances and considering the nature of the complaints,[2] the district court did not abuse its discretion in declining to hear the separate complaints made by the prisoner-plaintiffs in this action.

II. Seymour F. X. [Cotton, Jr.] v. Terrell Don Hutto, etc.—D.C. No. PB–76–C–89.

■ This action under § 1983 was brought by Seymour F. X. Cotton, Jr., individually.

Cotton alleges that on December 25, 1973, he was beaten by several wardens while in punitive isolation. As a result of the beating, he contends, he suffered a hernia, which was diagnosed by the prison doctor, Dr. Smiley, shortly after the beating. He asserts that the hernia was later confirmed

---

2. The allegations made here are unlikely to give rise to any substantial claim for damages by any one of the prisoners.

on two occasions (in July 1974 and June 1975) by doctors employed by the State of Arkansas.

Later, Cotton alleges, a disciplinary board forced him to submit to a physical examination. Cotton states:

> On or about September 9, 1975, petitioner was bodily forced from his cell by defendants Ashley and Dugan and taken to the infirmary. There petitioner was forced by Ashley and Doggins [sic] to yield to a hurried, 15-second, exam by defendant Dr. Adam. At the conclusion of this unprofessional and hasty exam Dr. Adams classified petitioner A–1 and capable of doing field labor.

Appellant filed a complaint containing these allegations on March 9, 1976. He prayed for various forms of equitable relief, including an order that he be given a hernia operation and that he be excused from field work until the operation is given.

The district court dismissed the complaint on its own motion, concluding that the failure to afford a hernia operation resulted from a mere difference of opinion over a matter of medical judgment.[3] This appeal followed.

The facts pleaded in this case do not demonstrate a disagreement between prisoner and prison administration over proper medical treatment. The facts pleaded (particularly the cursory nature of the examination), if proven, might well show such "deliberate indifference" to a request for medical treatment as to warrant § 1983 relief. *See Wilbron v. Hutto, supra*; *Williams v. Vincent*, 508 F.2d 541, 544 (2d Cir. 1974).

We think the summary dismissal of this aspect of Cotton's complaint (PB–76–C–89) was inappropriate. This claim is remanded

to the district court for further proceedings.[4]

In summary, we affirm the dismissal in all proceedings except Cotton's personal claim relating to his disability and medical problems arising from an alleged hernia.

---

3. The district court also treated the complaint as one attempting to state a claim for the beating which led to the hernia. The court concluded that this claim was barred by the statute of limitations. Even the most liberal reading of the complaint reveals, however, that no claim for the beating is meant to be stated here. The guards who allegedly beat appellant are not named as defendants. The relief sought is prospective only, dealing with the administration of medical care.

Therefore, the statute of limitations problem considered by the district court is not an issue in this case, and we express no opinion on the validity of that court's conclusion on the question.

4. The district court may deem it proper in its discretion to consolidate this complaint of Cotton's with pending proceedings which relate to medical care questions arising at Cummins.