Kathie **BOUDIN**, Plaintiff-Appellee-Cross-Apellant,

v.

Dale **THOMAS**, Warden of Metropolitan Correctional Facility, Norman Carlson, Director of Federal Bureau of Prisons, John S. Martin, Jr., United States Attorney, Thomas Coughlin, the Commissioner of Correction of the State, Kenneth Gribetz, District Attorney of Rockland County and Elijah Coleman, Superintendent of the Rockland County Jail, Defendants,

Dale Thomas, Warden of Metropolitan Correctional Facility, Norman Carlson, Director of Federal Bureau of Prisons, and John S. Martin, Jr., United States Attorney, Defendants-Appellants-Cross-Appellees.

Dockets 83-2170, 83-2174.

United States Court of Appeals, Second Circuit.

June 26, 1984.

JON O. NEWMAN, Circuit Judge (concurring in rejection of rehearing in banc), with whom OAKES, Circuit Judge, concurs:

One of the issues raised by Boudin in suggesting that the appeal be reheard in

letter caused him to abandon remedies then available.

banc is whether her successful claim for release from administrative segregation into the general population of the Metropolitan Correctional Center must be treated as a habeas corpus petition for purposes of her claim for attorney's fees. The panel decision ruled that this portion of her claim was a habeas petition and, as such, was not a "civil action" within the meaning of the attorney's fee provision of the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A) (1982).

Whether a prisoner's claim for relief is a habeas petition or a traditional civil suit has engendered considerable controversy and difficulty. *Compare Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (state prisoner's suit under 42 U.S.C. § 1983 (Supp. V 1981) treated as habeas petition), *with Bell v. Wolfish*, 441 U.S. 520, 526–27 n. 6, 99 S.Ct. 1861, 1867–68 n. 6, 60 L.Ed.2d 447 (1979) (federal prisoner's habeas petition treated as civil suit grounded on 28 U.S.C. § 1331 (1982)). The panel opinion treats Boudin's challenge to her detention in administrative segregation as a habeas petition because she "seeks to be moved in order to remedy past constitutional violations." 732 F.2d at 1111. Though habeas has been held to be an *available* remedy for a challenge to the lawfulness of restrictive or otherwise more arduous confinement within prison custody brought by either federal prisoners, *McCollum v. Miller*, 695 F.2d 1044, 1046 (7th Cir.1982), or state prisoners, *Krist v. Ricketts*, 504 F.2d 887 (5th Cir.1974), it is less certain that habeas is the exclusive remedy. The Supreme Court in *Preiser v. Rodriguez, supra,* explicitly reaffirmed that "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life .... This is not to say that habeas corpus may not *also* be available to challenge such prison conditions." 411 U.S. at 499, 93 S.Ct. at 1841 (emphasis added). State prisoners challenging imposition of arduous forms of confinement have been allowed to proceed under section 1983 provided that, in accordance with *Preiser v. Rodriguez, supra,* they were not

challenging the fact or duration of their lack of freedom. *See Olim v. Wakinekona,* 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983) (challenge to confinement in out-of-state prison); *Wright v. Enomoto,* 434 U.S. 1052, 98 S.Ct. 1223, 55 L.Ed.2d 756 (1978), *summarily aff'g* 462 F.Supp. 397 (N.D.Cal.1976) (challenge to confinement in administrative segregation); *Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) (challenge to confinement in maximum security prison). Though the prisoners in *Wakinekona, Wright,* and *Fano* all challenged the sufficiency of the procedures whereby they were placed in more arduous confinement, they all wished to be moved back to their original conditions of confinement until such time as a proper determination was made to increase the severity of their custody. They were thus seeking "to be moved in order to remedy past constitutional violations."

Perhaps these cases are distinguishable from Boudin's claim on the ground that in each the prisoner primarily sought an order requiring use of pre-transfer procedures and sought return only to undo the action taken without such procedures, whereas Boudin frontally attacks placement in more restrictive confinement and seeks only removal from such confinement because of its alleged substantive invalidity. Yet any prisoner challenging the conditions of confinement, as *Preiser v. Rodriguez,* says may be done by state prisoners under section 1983, is asserting the substantive invalidity of that form of confinement and wants the illegality ended either by an improvement in the conditions of his confinement or by his removal from such confinement to confinement under lawful conditions. The state prisoners in *Wilwording v. Swenson,* 404 U.S. 249, 251, 92 S.Ct. 407, 409, 30 L.Ed.2d 418 (1971), were allowed to use section 1983 to sue for release from maximum security confinement, and one of their claims, in addition to a procedural challenge, was that "their conditions of confinement are more stringent and restrictive than is necessary for the maintenance

of prison discipline and security." *See Wilwording v. Swenson,* 439 F.2d 1331, 1332 n. 2 (8th Cir.1971). That claim is quite similar to Boudin's. Moreover, a state prisoner has been allowed to proceed under section 1983 to secure return to his original place of confinement on the ground that his transfer was substantively invalid; he had alleged that the transfer was a retaliation for his exercise of constitutionally protected rights. *Buise v. Hudkins,* 584 F.2d 223, 233 (7th Cir.1978), *cert. denied,* 440 U.S. 916, 99 S.Ct. 1234, 59 L.Ed.2d 466 (1979).

Arguably the clear availability of habeas corpus makes its use obligatory by a prisoner in *federal* custody [1] in preference to an implied right of action based on the Fifth Amendment with jurisdiction grounded on 28 U.S.C. § 1331. *Cf. Turpin v. Mailet,* 591 F.2d 426, 427 (2d Cir.1979) (in banc) (plaintiff must use section 1983, when available, rather than base claim directly on Fourteenth Amendment); *but see Bell v. Wolfish, supra,* 441 U.S. at 526–27 n. 6, 99 S.Ct. at 1867–68 n. 6 (claim entertained as implied right of action based on Fifth Amendment when habeas jurisdiction uncertain). In any event, that issue, on which appears to turn only eligibility for EAJA fees, is not of exceptional importance within the meaning of Fed.R.App.P. 35(a)(2). However, if the issue should arise in the context of a challenge to restrictive conditions of confinement imposed by *state* authority, it would be exceedingly important to preserve the availability of a section 1983 suit, as assured by *Preiser v. Rodriguez,* because requiring the prisoner to use the habeas remedy would bar his access to federal court until exhaustion of state court remedies. Since the panel opinion does not purport to resolve the issue in the context of state custody where the alternative remedy to habeas would be a suit challenging conditions of confinement under section 1983, rather than an implied right of action based directly on the Constitution, I conclude that the suggestion for rehearing in banc should be rejected and

therefore have not requested an in banc poll.

---

**1.** At the time of this litigation Boudin was a state prisoner confined in federal custody and challenging conditions of confinement imposed by federal authority.