Dennis E. MASON, Appellant,

v.

Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Appellee.

No. 74–1814.

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1975.

Decided May 19, 1975.

Dennis Earl Mason, filed appellant's brief pro se.

Bert C. Hurn, U. S. Atty., Frederick O. Griffin, Jr. and Anthony P. Nugent, Jr., Asst. U. S. Attys., Kansas City, Mo., filed brief for appellee.

Before GIBSON, Chief Judge, HEANEY, and STEPHENSON, Circuit Judges.

PER CURIAM.

Petitioner Dennis E. Mason appeals the dismissal of his petition for writ of habeas corpus. The sole point raised in his pro se brief on appeal is that the evidentiary hearing held by the magistrate should have been held by a federal district judge under the holding of Wingo v. Wedding, 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974). Petitioner's amended petition alleged that:

Petitioner suffers cruel and unusual punishment as a result of being assaulted and choked unconscious by the guard force at the United States Medical Center for Federal Prisoners and being kept in punitive segregation

without due process, thus denying petitioner ready access to the necessary and needed medical treatment for injuries received and old injuries aggravated, by the assault that occurred.

■ While a partial evidentiary hearing was held in this case by the magistrate prior to the decision in Wingo v. Wedding, supra, there can be no error in this case unless an evidentiary hearing before a United States District Judge was required upon petitioner's allegations. The testimony taken before the magistrate can be treated as an oral affidavit under 28 U.S.C. § 2246 (1970). See Willis v. Ciccone, 506 F.2d 1011, 1018 (8th Cir. 1974).

■ Before an evidentiary hearing should be held there must be a factual dispute as to whether petitioner's fundamental rights are being infringed. First, however, the petition for habeas corpus "must allege (1) a substantial infringement of a constitutional right, (2) a factual statement, which if true would entitle the prisoner to relief, and (3) exhaustion of prison grievance procedures." Willis v. Ciccone, supra at 1019. In the present case, there is no allegation of exhaustion. However, we choose to dispose of the case on the merits as the petition was filed and decided before our decision in Willis. We think it clear that petitioner's petition is deficient in the first two respects above enumerated as well. Accepting petitioner's factual allegations as true,[1] we find that they fail to state a claim for habeas corpus relief and hence the petition was properly dismissed by the District Court.

■ Petitioner's allegations of cruel and unusual punishment may be broken down into (1) the alleged assault by prison guards, and (2) deprivation of medical care. As to the alleged assault, there was no allegation that there is any threat of recurrence. In fact, petitioner

1. We are not intimating any view as to whether an assault did actually occur. Petitioner's allegations were controverted by the prison guards. Instead, our discussion is predicated upon the fact that even if petitioner's allegations are true, he states no claim for relief upon a petition for writ of habeas corpus.

testified before the magistrate that there was no continuing threat of physical harm. We then must decide whether an allegation of a single, non-recurring incident states a claim for habeas corpus relief. When used to attack the conditions of a prisoner's confinement, habeas corpus relief is closely akin to injunctive relief and operates prospectively. *See* Cates v. Ciccone, 422 F.2d 926, 927–28 (8th Cir. 1970); Jackson v. Bishop, 404 F.2d 571, 577 (8th Cir. 1968). Had injunctive relief been sought it should have been denied as unnecessary absent a prospect of recurrence. Inmates of Attica Correctional Facility v. Rockefeller, 453 F.2d 12, 23 (2d Cir. 1971); Ayers v. Ciccone, 300 F.Supp. 568, 572–73 (W.D.Mo.1968), aff'd 413 F.2d 1049 (8th Cir.), cert. denied, 396 U.S. 943, 90 S.Ct. 380, 24 L.Ed.2d 245 (1969). We believe the same result should obtain when the requested relief is sought by way of habeas corpus and thus no evidentiary hearing was required.

 Petitioner does not claim a total deprivation of medical care, but instead alleges difficulty in getting to see a doctor and a disagreement with the course of medical treatment provided. We have held that a prisoner cannot be the judge of what medical treatment is necessary or proper for his care. Cates v. Ciccone, *supra* at 928. As stated in Jones v. Lockhart, 484 F.2d 1192, 1193 (8th Cir. 1973):

> [A]llegations of mere negligence in the treatment of a prisoner's condition, or claims based on differences of opinion over matters of medical judgment, fail to state a federal constitutional question unless the prisoner alleges exceptional circumstances. (Citations omitted.)

Petitioner's allegation concerning medical care, accepted as true, does not rise to the level of a substantial infringement of a constitutional right and thus was properly denied without an evidentiary hearing. The District Court's denial of the petition for writ of habeas corpus without an evidentiary hearing was correct and is hereby affirmed.