**Darnell MOSBY, Inmate of St. Louis County Jail, Plaintiff,**

v.

**William O'BRIEN, Chief of Custody of the St. Louis County Jail, et al., Defendants.**

**No. 76–211 C (1).**

United States District Court, E. D. Missouri, E. D.

May 11, 1976.

Darnell Mosby, pro se.

Thomas W. Wehrle, St. Louis County Counselor, Donald J. Weyerich, Asst. County Counselor, Bruce Nangle, Clayton, Mo., Eugene K. Buckley, Evans & Dixon, St. Louis, Mo., for defendants.

## MEMORANDUM

MEREDITH, Chief Judge.

This action is before the Court on defendants' motions to dismiss. For the reasons stated below, the motions will be granted.

Plaintiff has filed this pro se civil rights action, pursuant to 42 U.S.C. § 1983, alleging deprivation of proper medical care. In his complaint plaintiff alleges that for the past two and one-half months he has not

---

4. In that case, the court refused to allow recovery for failure to itemize a $1.00 license fee.

received proper care for a kidney problem; that he has been given only "darvon and promises"; and that he has not received the necessary clinical examination at the county hospital. Plaintiff also alleges that he first saw the prison physician over a week after his initial complaints, and that he has seen the doctor nine times between the time of his incarceration on December 11, 1975, and the filing of the complaint in this action on March 9, 1976.

Although plaintiff alleges a violation of his Eighth and Fourteenth Amendment rights, his factual allegations amount, at most, to a disagreement with the prison physician as to the course of his medical treatment, and one missed clinical appointment. Not every prisoner petition alleging denial of reasonable medical care requires an evidentiary hearing, but only those which allege "obvious neglect or intentional mistreatment." *Cates v. Ciccone,* 422 F.2d 926, 928 (8th Cir. 1970); accord, *Courtney v. Adams,* 528 F.2d 1056 (8th Cir. 1976); *Mason v. Ciccone,* 517 F.2d 73 (8th Cir. 1975). As stated by the Court in *Jones v. Lockhart,* 484 F.2d 1192, 1193 (8th Cir. 1973):

> "[A]llegations of mere negligence in the treatment of a prisoner's condition, or claims based on differences of opinion over matters of medical judgment, fail to state a federal constitutional question unless the prisoner alleges exceptional circumstances."

This Court finds that plaintiff does not state such "exceptional circumstances," and that, taken as true, his allegations do not rise to the level of a constitutional violation. Accordingly, the complaint will be dismissed for failure to state a claim under section 1983.