**Joe SILVER et al., Plaintiffs-Appellees and Cross-Appellants,**

v.

**Paul S. CORMIER, Defendant-Appellant and Cross-Appellee.**

Nos. 74–1829, 74–1830 (C–4581).

United States Court of Appeals, Tenth Circuit.

Argued Aug. 21, 1975.

Decided Jan. 30, 1976.

Loring E. Harkness, Rovira, DeMuth & Eiberger, Denver, Colo. (Luis D. Rovira, Denver, Colo., on the brief), for defendant-appellant and cross-appellee.

Harold A. Feder and Matthew J. Zale, Feder & Morris, Denver, Colo., for plaintiffs-appellees and cross-appellants.

Before LEWIS, Chief Judge, and BARRETT and DOYLE, Circuit Judges.

LEWIS, Chief Judge.

This is an action lodged under 42 U.S.C. § 1983 alleging a violation of plaintiffs' civil rights by defendant and others through an unlawful restriction claimed to have been imposed upon plaintiffs' right of access to the courts. The case was tried to a jury and submitted only as to the defendant, all others being dismissed from the action by order of the trial court entered during the course of the trial. The jury returned a verdict for $5,500 against the defendant and this appeal is taken from the judgment entered. Plaintiffs' cross-appeal from an order of the court refusing a hearing on and an allowance of attorneys fees in the case.

Plaintiffs were the owners of an automotive supply business in downtown Denver, Colorado, upon their property located within the boundaries of Denver's Skyline Urban Renewal Project. Faced, by operation of law, with the necessity of extensive renovation of the property, sale to third persons, or sale to the Denver Urban Renewal Authority (D.U.R.A.), plaintiffs in August of 1971 agreed to and did sell the property to D.U.R.A. for approximately $100,000. At such time D.U.R.A. indicated a plan to demolish the building. However, a year later D.U.R.A. altered its plan and sold the property to a purchaser who agreed to restore the building and operate the premises as a restaurant and historical landmark. The purchase price was $150,000.

In addition to the $100,000 purchase price for the property, plaintiffs were, also by operation of law, entitled to an additional sum for relocation costs or, in the alternative, to a set sum for "going out of business." Plaintiffs elected to go out of business and were entitled to the

sum of $10,000, the maximum amount set by law. The defendant was the relocation officer for D.U.R.A. and it was through plaintiffs' dealing with the defendant in such capacity that the instant case arose.

Plaintiffs were, understandably, unhappy that they had sold their property for $100,000 to D.U.R.A. when D.U.R.A. resold the property for $150,000. This dissatisfaction was repeatedly stated to defendant along with indications that plaintiffs intended to bring suit on this issue.[1] Defendant, having had no responsibility concerning the sale aspect and desirous of completing the "going out of business" aspect of the transaction, became increasingly annoyed with plaintiffs. Defendant's annoyance was aggravated, again understandably, by plaintiffs' addressing him as "buddy boy." It culminated May 24, 1972, when defendant advised plaintiffs that D.U.R.A. would withhold the $10,000 if legal proceedings were instituted. Later, having checked with D.U.R.A.'s attorney, defendant found the payment could not be so withheld. Defendant then caused the application form for the $10,000 payment to be mailed to the plaintiffs on August 2, 1972, but no retraction of the earlier statement was made. The plaintiffs, allegedly unaware that D.U.R.A. would pay upon completion of the application, failed to sign the application until the following March.

Defendant appeals urging that the court erred in not granting his motion to dismiss, in submitting the issues of liability and punitive damages to the jury, in erroneously instructing the jury on the issue of liability, in allowing certain irrelevant and prejudicial evidence to be introduced and, finally, in failing to exercise its supervisory power to set aside or reduce the jury verdict. Defendant raised proper objections during the trial to these alleged errors. As indicated, plaintiffs' cross-appeal the court's order denying them attorneys fees.

■■■■■■ Defendant contends that a threat to withhold legally required pay-ments if a person exercises his right of access to the courts does not constitute a violation of constitutional rights and thus the court erred in not granting his motion to dismiss this action. Access to the courts of the United States is a constitutional right guaranteed by the due process clauses of the fifth and fourteenth amendments. *Harbolt v. Alldredge*, 10 Cir., 464 F.2d 1243, 1244, cert. denied, 409 U.S. 1025, 93 S.Ct. 473, 34 L.Ed.2d 319; *Evans v. Moseley*, 10 Cir., 455 F.2d 1084, 1087. This right of access to the courts cannot be infringed upon or burdened. *Adams v. Carlson*, 7 Cir., 488 F.2d 619, 630. A public official's threats to a citizen to withhold monies due and owing, should legal proceedings on an independent matter be instituted, burdens or chills constitutional rights of access to the courts. And this is true although the threat is not actually effective. For this reason the trial court did not err in refusing to grant defendant's motion for dismissal.

■■■■■ Next, defendant argues that the evidence was insufficient to support an award of punitive damages. We are not so persuaded. Defendant frankly admitted his extreme irritation with plaintiffs and that the making of the stated threat without retraction was an action of his own. A jury may properly find that such conduct by a public official manifests a reckless indifference to the property rights of others, ill will, a desire to injure or malice. Punitive damages are recoverable in a section 1983 action provided such aggravating circumstances are found. *Spence v. Staras*, 7 Cir., 507 F.2d 554, 558; *Morales v. Haines*, 7 Cir., 486 F.2d 880, 882; *Smith v. Lossee*, 10 Cir., 485 F.2d 334, 345, cert. denied, 417 U.S. 908, 94 S.Ct. 2604, 41 L.Ed.2d 212; *McDaniel v. Carroll*, 6 Cir., 457 F.2d 968, 969, cert. denied, 409 U.S. 1106, 93 S.Ct. 897, 34 L.Ed.2d 687. Recovery of punitive damages has been held to be permitted in actions under section 1983 even in the absence of actual loss. *Spence v. Staras*, 7 Cir., 507 F.2d 554, 558; *Fisher v. Volz*,

---

1. Such a suit was subsequently brought by plaintiffs in the Colorado state court.

3 Cir., 496 F.2d 333, 346–47; *Stolberg v. Members of Board of Trustees*, 2 Cir., 474 F.2d 485, 489; *Basista v. Weir*, 3 Cir., 340 F.2d 74, 88.

 Although acknowledging that the evidence relating to D.U.R.A.'s profit making on the purchase and sale of plaintiffs' property was properly admitted as expository background material, appellate claim is made that the court erred in admitting the evidence so extensively and repetitively that prejudice resulted to defendant. The extent, by repetition or otherwise, of the admission of competent evidence is a matter peculiarly within the discretion of the trial judge and will not be disturbed by this court absent a clear abuse of such discretion. Here, the scope of actionable issues and the number of defendants diminished during the course of the trial. Perhaps the trial court would have placed a more narrow limitation on the evidence had the case started as a single issue lodged against this single defendant or would have favorably considered a motion to strike when the final case jelled. But such a motion was not made nor do we believe that such evidence had any appreciable impact on the totality of the case. The jury was informed clearly and often that defendant personally had nothing to do with the sale aspect of the property and no claim was made otherwise. Neither the fact of the verdict nor its size (which we consider to be well within the allowable limits of the jury's discretion) indicate prejudicial error.

 As earlier noted, plaintiffs cross-appeal on the issue of attorneys fees. In denying the request for this additional award the trial court noted that the subject statute made no specific provision for recoverable attorneys fees and that the instant action had the basic attributes of a private quarrel. We agree and add, although we give no comfort to defendant's conduct, that we do not think the unusual circumstances of this case warrant special consideration as anticipatory of repetitious conduct or as having anything more than minimal effect on the proper and necessary judicial preser-

vation of civil rights for the general public welfare. The award or refusal to award attorneys fees is an issue primarily directed to the trial court's discretion and such discretion was not here abused.

The judgments are affirmed. No costs are awarded.