**W. T. GREGG, Petitioner,**

v.

**STATE OF TENNESSEE, etc.,
Respondents.**

**No. CIV–2–76–119.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Sept. 16, 1976.
On Motion to Dismiss Nov. 22, 1976.

W. T. Gregg, pro se.

Brooks McLemore, Atty. Gen. of Tenn., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION, ORDERS AND CERTIFICATE

NEESE, District Judge.

This is obstensibly an application for the federal writ of habeas corpus and denominated as such by a state prisoner. He claims that he is deprived of his federal right to due process of law, Constitution, Fourteenth Amendment, by the respondent-sheriff of Greene County, Tennessee, because the latter disobeyed an order of the Criminal Court of Greene County, Tennessee to transport him from a Tennessee penal institution to the situs of such court for a hearing on his application for the state writ of habeas corpus. However, the allegations do not suffice under 28 U.S.C. § 2254 to clothe this Court with the power to entertain Mr. Gregg's claims.

■ " * * * [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court only* on the ground that he is *in* custody [pursuant to that judgment] in violation of the Constitution or laws or treaties of the United States." (Emphases added.) 28 U.S.C. § 2254(a). It is obvious that Mr. Gregg is not in the custody of Mr. Gail Colyer, the sheriff of Greene County, Tennessee, pursuant to the judgment of the Criminal Court of Greene County, Tennessee; to the contrary the record herein reflects that Mr. Gregg is in the custody of the warden of the Tennessee state penitentiary at Nashville pursuant to such a judgment. He does not complain to this Court, as indicated hereinabove, of his custody pursuant to that judgment.

It appearing from Mr. Gregg's application that he is not detained by Mr. Colyer, and that he is not entitled to an award of the federal writ of habeas corpus against Mr. Colyer, such application hereby is DENIED. 28 U.S.C. § 2243. Should the applicant give timely notice of an appeal from the partial judgment to be entered forthwith herein, he is authorized to proceed on such appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure. Any such notice will be treated also as an application for a certificate of probable cause, which, for the reasons assigned hereinabove, will NOT issue. Rule 22(b), Federal Rules of Appellate Procedure.

In his pleadings, Mr. Gregg demands judgment from Mr. Colyer for damages in the amount of $250,000. A generous reading of such pleading indicates that Mr. Gregg is attempting to allege that Mr. Colyer, under the color of Tennessee law, subjected Mr. Gregg, or caused him to be subjected, as a citizen of the United States, to the deprivation of his right under the Constitution, Fourteenth Amendment, to due process of law. See 42 U.S.C. § 1983.

■■ It is unnecessary that a complaint under 42 U.S.C. § 1983, which was enacted to enforce the Constitution, Fourteenth Amendment, set out the particular portion of the Constitution or law of which the plaintiff claims he was deprived; all that is necessary is that the Court ascertain from the confines of the Constitution or law that such right exists. *Williams v. Stone*, D.C. Tenn. (1971), 339 F.Supp. 1298, 1299[2]. 42 U.S.C. § 1983 gives a cause of action for denial of due process. *Edward J. Greene, plaintiff, v. Ira Dean Harding, Et Al., defendants*, no. CIV–2–74–65, memorandum opinion and order of January 22, 1975. 28 U.S.C. § 1343(4) clothes this Court with jurisdiction of a civil action authorized to be commenced by a person to recover damages under 42 U.S.C. § 1983.

The title of this action hereby is AMENDED to reflect that, as to the remaining claim, the title hereof is *W. T. Gregg, plaintiff, v. Gail Colyer, defendant.*

## MEMORANDUM AND ORDER
### On Motion to Dismiss

This was initially a *pro se* application by a state prisoner for the federal writ of habeas corpus, naming the defendant as the respondent. In considering and denying such application, the Court noted that, under a generous reading of the first pleading, the plaintiff might have stated a justiciable claim under the provisions of 42 U.S.C. § 1983.[1] See memorandum opinion and order herein of September 16, 1976. The defendant moved thereafter for a dismissal of the (thus construed) complaint for failure of the plaintiff to state a claim on which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure.[2] The plaintiff made no timely response thereto, local Rule 12(b).

■ This Court recognizes that the *pro se* application of the plaintiff was probably prepared and filed by a prisoner without the guidance of an attorney. See *Harris v. Nelson, infra,* 394 U.S. at 297, 89 S.Ct. at 1089, 22 L.Ed.2d at 289–290. But, if the plaintiff intends to pursue the claim thus gleaned by the Court from his pleading, he must do so in accordance with the applicable statutes, Federal Rules of Civil Procedure, as well as the local Rules of this Court.

Local Rule 12(b) requires a litigant, when a motion is served upon him, to submit a

response, brief, or affidavits within 5 days after such service, or the brief will be deemed waived. Local Rule 11(f) provides that, the failure to file a required brief may be deemed also a waiver of opposition to such motion. Further, if the plaintiff fails to prosecute his action, his action may be dismissed involuntarily. Rule 41(b), Federal Rules of Civil Procedure.

The plaintiff will amend his complaint herein, so as to invoke this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1343(3), (4), and respond to the defendant's motions within 20 days, or this action will thereafter stand dismissed. *Link v. Wabash R. Co.* (1962), 370 U.S. 626, 629–632, 82 S.Ct. 1386, 1388–1390, 8 L.Ed.2d 734, 737–739 (headnotes 1, 2), rehearing denied (1962), 371 U.S. 873, 83 S.Ct. 115, 9 L.Ed.2d 112.

---

1. The jurisdiction of this Court under those provisions was not, of course, and has not since, been invoked under the authority of 28 U.S.C. §§ 1343(3), (4). The Court preserved the potential action of the plaintiff under the provisions of 42 U.S.C. § 1983 in the belief that the specific allegations before the Court might enable the plaintiff, if the facts were developed fully, to establish that he is entitled to redress from the defendant and sought to make available a necessary procedure for an adequate inquiry into the merits of such a claim by the plaintiff. *Cf. Harris v. Nelson* (1969), 394 U.S. 286, 300, 89 S.Ct. 1082, 22 L.Ed.2d 281, 291[14] (with reference to habeas corpus relief). Such

an inquiry, however, must be accomplished after the jurisdiction of this Court has been invoked properly.

2. The defendant also moved in the alternative for a summary judgment, Rule 56(b), Federal Rules of Civil Procedure, and for a more definite statement, Rule 12(c), Federal Rules of Civil Procedure. As the Court was able to discern the statement of a claim under the circumstances related, the latter motion obviously lacks merit, see *Madron v. Thomas,* D.C. Tenn. (1965), 38 F.R.D. 177, 178[3], and hereby is DENIED.