**Samuel T. FREEMAN, Appellant,**

v.

**A. L. LOCKHART, Superintendent of the Cummins Unit, Arkansas Department of Correction, and Dr. G. W. Smiley, Prison Physician, Arkansas Department of Correction, Appellees.**

**No. 76–2124.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 29, 1977.

Decided Sept. 1, 1977.

---

Samuel T. Freeman, filed brief pro se.

Bill Clinton, Atty. Gen., and Robert A. Newcomb, Asst. Atty. Gen., Little Rock, Ark., filed brief for appellees.

Before GIBSON, Chief Judge, and BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

Appellant Freeman, an inmate of the Cummins Unit of the Arkansas Department of Corrections, filed this section 1983 action against A. L. Lockhart, Superintendent of Cummins, and Dr. Smiley,[1] the physician at Cummins, for damages allegedly resulting from the negligent or bad faith failure to administer adequate medical treatment. Freeman claims that the inadequate treatment has resulted in the loss of 80% of his eyesight in one eye, and his vision is impaired in the other.

The original action was dismissed on April 22, 1974, by then Chief District Judge Henley, without requiring a response from the defendants. On appeal, this court found that the complaint, construed liberally, did state a cause of action, that the complaint should not have been dismissed without requiring response of the defendant, and remanded the case for further proceedings. *Freeman v. Lockhart*, 503 F.2d 1016 (8th Cir. 1974). On remand, this case was consolidated with a number of other cases, including *Finney v. Arkansas Board of Correction (Ellingburg v. Hutto)*, 505 F.2d 194 (8th Cir. 1974), which had been remanded by this court for further proceedings. Hearings were conducted and the decision of the district court in all but the individual claims is reported as *Finney v. Hutto*, 410 F.Supp. 251 (E.D.Ark.1976), *aff'd, Finney v. Hutto*, 548 F.2d 740 (8th Cir. 1977). Judge Henley appointed two attorneys[2] to represent all the plaintiffs in both the class action and their individual claims. 410 F.Supp. at 282, 286.

The district court[3] found as follows:

The court has given careful consideration to the record in the case, including the testimony of petitioner, and finds that petitioner has failed to discharge his burden of proof.

---

1. Dr. Smiley is now deceased. A suggestion of the death of Dr. Smiley has been filed, and under F.R.A.P. 43(a) his estate can be substituted as a party to the appeal. The record is not clear, but it appears that Dr. Smiley died subsequent to the first appeal in this case. *See generally Pritchard v. Smith*, 289 F.2d 153, 158 n. 1 (8th Cir. 1961).

2. The record indicates that both attorneys Jack Holt, Jr. and Philip Kaplan participated in the presentation of appellant Freeman's individual claim.

3. The Honorable J. Smith Henley, United States Circuit Judge, sitting by designation.

The record reflects that during his confinement at Cummins petitioner has suffered from a variety of ailments. In addition to his eye complaint which has been diagnosed as a scarring of the retina, petitioner is an inactive tubercular, and is afflicted with asthma. He has been treated repeatedly at the prison infirmary for all of his difficulties. He has been given medication to keep his tuberculosis in an inactive status; his condition as a tubercular has been checked more than once at the Arkansas Department of Health's clinic at Pine Bluff. His eyes have been examined several times at the Arkansas State Hospital in Little Rock; he has been supplied with glasses; and the pain in his eye about which he complains has been treated with drops. There is no substantial evidence that medical and paramedical personnel, including Dr. Smiley, employed by the Department have deliberately refused him any treatment that seemed indicated or have been callously indifferent to petitioner's medical needs. Nor is there any firm evidence that petitioner would have benefitted from an earlier diagnosis of his eye condition or from a treatment for that condition different from that which was provided.

It is probably fair to say that petitioner, like other inmates of the Department, has suffered to some extent from deficiencies in health care services that have plagued the Department in times past and that may still be plaguing it to some extent. That, however, is not enough to impose pecuniary liability on either Mr. Lockhart or Dr. Smiley.

Referring to the test laid down by the Court of Appeals and heretofore quoted [503 F.2d at 1017], this court does not find from a preponderance of the evidence that either Superintendent Lockhart or Dr. Smiley has been guilty of any obvious neglect or intentional misconduct as far as the health of petitioner is concerned; nor does the court find that the conduct of either respondent has been so heinous as to constitute cruel and unusual punishment or to violate petitioner's "right to life."

Appellant contends that the district court's decision does not conform to the standard set out in *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), as follows:

[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.[14]

[14] The Courts of Appeals are in essential agreement with this standard. All agree that mere allegations of malpractice do not state a claim, and, while their terminology regarding what is sufficient varies, their results are not inconsistent with the standard of deliberate indifference. [Citing cases including *Wilbron v. Hutto*, 509 F.2d 621, 622 (8th Cir. 1975).]

We are satisfied that the standard followed by the district court is in conformity with *Estelle v. Gamble, supra.* We have also made an independent review of the record and conclude that the district court's findings are not clearly erroneous. The record discloses that appellant failed to establish the deliberate indifference to serious medical needs required to show a constitutional violation.

Appellant complains because he was not notified of the consolidation of this case with a number of other cases including *Finney v. Hutto, supra,* 410 F.Supp. 251. He fails to demonstrate prejudice and a reading of *Finney* indicates that the consolidation, and the appointment of the same counsel to represent the individual prisoners in their respective claims was to their advantage. Counsel were thoroughly familiar with conditions that existed at the Cummins institution. *Finney v. Hutto, supra,* 410 F.Supp. at 258–62, 282, 286.

■ Finally appellant alleges he was denied the effective assistance of counsel because he did not have sufficient time to confer with the attorneys prior to the hearing. This issue was not raised below. No request for a continuance was made either by counsel or appellant.[4] The record indicates that counsel were familiar with appellant's claims and his medical file.[5] As indicated above counsel were well versed in conditions that existed at Cummins, including the inadequacy of medical care. We are satisfied that appellant's claims in this regard are without merit.

Affirmed.

4. Appellant had originally proceeded pro se.

5. The record reveals that appellant had testified concerning his eye condition the previous week during the class action hearing.