Melvin Leroy TYLER,
Plaintiff-Appellant,

v.

Chief Deputy WHITEHEAD and Sheriff
Charlie Foster,
Defendants-Respondents.

No. KCD 29981.

Missouri Court of Appeals,
Western District.

June 11, 1979.

Gary Oxenhandler, Columbia, for plaintiff-appellant.

Milt Harper, Columbia, for defendants-respondents.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

PER CURIAM:

The circuit court dismissed plaintiff's petition upon the motion of defendants, and plaintiff has appealed. The defendants asserted several grounds for their motion to dismiss the petition, and the record does not show which of these the court adopted in sustaining the motion. They defend the court's action only on the ground that the petition did not state a claim upon which relief could be granted. Rule 55.27(a)(6).

The petition, omitting formal parts and omitting the prayer for declaratory judgment, for injunctive relief, and for compensatory and punitive damages, reads as follows:

(1) Plaintiff is a prisoner confined to the Boone County jail at Columbia, Missouri.

(2) Defendants are the Sheriff and Chief Deputy Sheriff of Boone County, Missouri.

(3) Plaintiff alleges that from January 11, 1977, and continuing through January and into February, 1977, defendants in the County of Boone, City of Columbia, Missouri,

(a) Subjected or caused to be subjected the plaintiff to cruel and unusual punishment by inflicting mental and physical cruelty upon plaintiff by denying him equal treatment as other prisoners; subjecting the plaintiff to a dungeon cell for more than thirty days without regular showers, exercise, exposure to sunlight, news media, radio, TV; and

(b) By hindering plaintiff in his rights to access to courts by willfully and deliberately seizing the plain-

tiff's typewriter by their command; by preventing plaintiff from properly and adequately representing himself on plaintiff's pending civil and criminal litigation,

(c) That defendants willfully and maliciously caused plaintiff to be conferred to a dungeon cell without proper ventilation, exercise, shower, access to news media and equal treatment as other prisoners to hinder, deny or obstruct plaintiff in his right to access to courts.

(d) All defendants' acts were done (without procedural due process) deliberately, willfully and maliciously and without authority of law, without motive, right to be heard, to a hearing, impartial review and to call witnesses, to cross-examination and confrontation.

We have concluded that the petition is sufficient as against a motion to dismiss for failure to state a justiciable claim. We must therefore reverse and remand to the trial court for further proceedings.

■■■ We remind ourselves of the familiar procedural rule that in searching the petition for a justiciable claim for relief, as against a motion to dismiss, the petition is viewed favorably to the pleader, giving to the petition the benefit of every reasonable intendment. *Butler v. Circulus, Inc.*, 557 S.W.2d 469, 472 (Mo.App.1977); *Euge v. Golden*, 551 S.W.2d 928, 931 (Mo.App.1977); *Associated Grocers' Co. of St. Louis, Mo. v. Crowe*, 389 S.W.2d 395, 399 (Mo.App.1965). The petition under the challenge of a motion to dismiss is judged with broad indulgence. What proof the plaintiff may adduce is quite another thing, but that is no concern of the court at this stage of the case. The presence or absence of viable evidence may be tested short of trial by motion for summary judgment. Rule 74.04.

We believe the petition does state a justiciable claim under 42 U.S.C.A. § 1983. That statute reads as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

■■■ If the petition states a claim for relief under 42 U.S.C.A. § 1983, the officers do not enjoy any absolute and unqualified immunity. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Cohen v. Norris*, 300 F.2d 24, 33 (9th Cir. 1962); *Beauregard v. Wingard*, 230 F.Supp. 167, 174 (S.D.Cal.1964).[1]

■■■ A claim for relief under 42 U.S.C.A. § 1983 is stated if the petition charges, first, conduct which is alleged to have subjected the plaintiff to a deprivation of rights, privileges or immunities secured by the U. S. Constitution, and, second, that such conduct was by one acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271, 1275 (8th Cir. 1973); *Jones v. Hopper*, 410 F.2d 1323, 1326 (10th Cir. 1969).

As to the first requirement, the petition does not point to a particular constitutional right of which plaintiff has been deprived, but it need not do so, if we can ascertain from the facts alleged that such a constitutional right exists. *Gregg v. State of Tennessee*, 425 F.Supp. 394, 395 (E.D.Tenn. 1976); *Williams v. Stone*, 339 F.Supp. 1298, 1299 (E.D.Tenn.1971).

■■■ The Eighth Amendment (prohibiting cruel and unusual punishment) and the Due Process Clause of the Fourteenth Amendment to the United States Constitution

---

1. A defense of "partial immunity" based upon the officer's good faith—which so far as we can see is no immunity at all, but simply an affirmative defense of good faith—must be affirmatively asserted and cannot be advanced at this stage by motion to dismiss the petition. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.13, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Scheuer v. Rhodes*, 416 U.S. 232, 240, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Pierson v. Ray*, 386 U.S. at 557, 87 S.Ct. 1213; *Donovan v. Reinbold*, 433 F.2d 738, 744 n.3 (9th Cir. 1970).

vouchsafes to prisoners—especially to pre-trial detainees who have not been convicted, such as this plaintiff—the right to detention facilities providing ventilation, outside exposure, and decent hygiene; the right to access to materials for correspondence and pursuit of litigation; and the right to access to newspapers and the like. *O'Bryan v. County of Saginaw, Mich.*, 437 F.Supp. 582, 599–600 (E.D.Mich.1977); *Ahrens v. Thomas*, 434 F.Supp. 873 (W.D.Mo.1977), modified on other grounds, 570 F.2d 286 (8th Cir. 1978); *Rhem v. Malcolm*, 371 F.Supp. 594 (S.D.N.Y.1974), modified on other grounds, 507 F.2d 333 (2d Cir. 1974). In fact,

> Pre-trial detainees are no more than defendants waiting for trial, entitled to the presumption of innocence, a speedy trial and all the rights of bailees and other ordinary citizens except those necessary to assure their presence at trial and the security of the prison. In providing for their detention, correctional institutions must be more than mere depositories for human baggage and any deprivation or restriction of the detainees' rights beyond those which are necessary for confinement alone, must be justified by a compelling necessity. *Detainees of the Brooklyn House of Detention v. Malcolm*, 520 F.2d 392, 397 (2d Cir. 1975).

The petition therefore fairly states a deprivation of rights secured by the United States Constitution.

■ The petition also states facts sufficient to show the alleged acts were done by the defendants *under color of state law.* It therefore satisfied the second requirement. It says that the offending conduct was by the defendants as sheriff and deputy sheriff respectively of Boone County, and that plaintiff was a prisoner in the Boone County jail. The sheriff is charged by state statute with keeping the jail and all its prisoners, § 221.020, RSMo.1969. The deputy sheriff has "all the powers and may perform any of the duties" of the sheriff. § 57.270, RSMo 1969. That statute placed the defendants in position to perform the acts which are complained of, and they were done in connection with the duties which it imposed upon them. *Cohen v.*

*Norris, supra; Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

■ We inquire whether a § 1983 action is cognizable in our state courts, or whether the Federal courts have exclusive jurisdiction of such cases. Our Supreme Court has concluded that our state courts have concurrent jurisdiction of these cases with the Federal courts. *Shapiro v. Columbia Union Nat'l Bank & Trust Co.*, 576 S.W.2d 310, 316 (Mo. banc 1978). To the same effect, *see Brown v. Chastain*, 416 F.2d 1012, 1014 (5th Cir. 1969); *Young v. Board of Ed. of Fremont County School District, RE–3*, 416 F.Supp. 1139, 1140–1141 (D.C.Colo.1976); *Bennun v. Board of Governors of Rutgers*, 413 F.Supp. 1274, 1278–9 (D.C.N.J.1976); *New Times, Inc., v. Arizona Board of Regents*, 110 Ariz. 367, 519 P.2d 169, 176 (Ariz. banc 1974).

In fine, the petition is sufficient as against a motion to dismiss for failure to state a justiciable claim.

It is our business here to decide that narrow issue whether the petition states *any* claim for relief—which we have decided in the affirmative—and not what relief is appropriate. *State v. Consolidated School District No. 4 of Iron Cty.*, 417 S.W.2d 657, 659 (Mo. banc 1967). However, since the petition in order to survive must show the plaintiff entitled to some relief, and in view of the necessity for the trial court to deal with further questions, we will address ourselves to the relief sought.

■ The petition describes past events or occurrences. It does not purport to describe a general condition throughout the jail, to which prisoners are generally subject, and which is a continuing prevailing situation. There is no allegation of any threatened continuance or repetition of the defendants' acts. The case is unlike such cases as *Ahrens, Detainees of the Brooklyn House of Detention*, and *Rhem, supra*, where the court was dealing with prevalent conditions in the jail, to which prisoners were regularly subject. Hence, declaratory judgment and injunctive relief, which was appropriate in those cases, is inappropriate

under the allegations of this petition, and no claim therefore is stated. *United States v. W. T. Grant Co.*, 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303 (1953); *Magenheim v. Board of Education*, 347 S.W.2d 409, 416–417 (Mo.App.1961); *Hurtgen v. Gasche*, 227 S.W.2d 494, 498 (Mo.App.1950).

▮ The only relief for which any claim is stated in the case before us is compensatory and punitive damages. A sheriff or deputy sheriff would not be liable in damages to prisoners because of the construction or state of repair, or the location of windows, or other conditions which would require the expenditure of funds and thus not be under the sheriff's control. But this petition, at least by implication, says that the defendant officers wrongfully chose in their discretion to remove the plaintiff from one part of the jail—presumably not subject to the same criticisms—to the unventilated and windowless cell, where they kept him without sufficient exercise and showers, without access to the radio, TV, and other news media, and without his typewriter. In § 1983 cases, compensatory damages are available upon proof of actual damage. *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 1047–49, 55 L.Ed.2d 252 (1978); *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). Punitive damages are also awarded in a proper case. *Silver v. Cormier*, 529 F.2d 161, 163 (10th Cir. 1976); *Stengel v. Belcher*, 522 F.2d 438, 444 (6th Cir. 1975); *Spence v. Staras*, 507 F.2d 554, 558 (7th Cir. 1974).

The case is remanded to the trial court for further proceedings.