James BISHOP, Appellant,

v.

The CIRCUIT COURT OF COLE COUNTY and the Chief Medical Officer of the Missouri State Penitentiary, Respondents.

No. WD 36756.

Missouri Court of Appeals, Western District.

Dec. 24, 1985.

James Bishop, pro se.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P.J., and PRITCHARD and BERREY, JJ.

PER CURIAM:

James Bishop appeals *pro se* from the trial court's dismissal of his petition which alleged in Counts I and II that defendant Circuit Court of Cole County utilized a policy which discriminated against prisoners and which denied them access to the courts to bring civil rights actions. Count III of the petition charged that the defendant Chief Medical Officer of the Missouri State Penitentiary:

[T]erminated the plaintiff's treatment, totally interfeared [sic] with treatment authorized by another physician after proper dianogsis [sic]. That it is the practice of the Chief Medical Officer to interfear [sic] with medication given to inmates, and that it is his practice, and that without even looking at the plaintiff terminated treatment, and as the result, the plaintiff has been suffering daily, cannot sleep, and is forced to walk around in pain.

Plaintiff in Count II obliquely referred to Count III and his alleged grievance against the medical staff. Count II specifically alleged violations of the First and Fourteenth Amendment to the United States Constitution and Article I, Section 14 of the Missouri Constitution.

Prior to any response by the state as to whether Bishop had been examined by a physician or received treatment, the trial court sustained defendants' motions to dismiss for failure to state a cause of action upon which relief could be granted.

The dismissal of Counts I and II of Bishop's petition is affirmed. The dismissal of Count III is reversed and the case is remanded to the trial court for further proceedings.

■ The Civil Rights Act imposes liability on "persons" who cause the deprivation of federally protected rights. Accordingly, case law supports a finding that the Circuit Court of Cole County is not a "person" within the meaning of 42 U.S.C. § 1983. *Shouse v. Pierce County*, 559 F.2d 1142, 1148 (9th Cir.1977); *Coopersmith v. Supreme Court, State of Colorado*, 465 F.2d

556 ■

993, 994 (10th Cir.1972); *O'Connor v. State,* 507 F.Supp. 546, 550 (D.Nev.1981); and *Quadra v. Superior Court of City and County of San Francisco,* 378 F.Supp. 605, 609 (N.D.Cal.1974). The trial court correctly concluded that the Cole County Circuit Court could not be subjected to an action based on the alleged deprivation of Bishop's federally protected rights.

To conclude that Count III of Bishop's petition states a claim for relief under 42 U.S.C. § 1983, this court must find that the petition charges conduct by one acting under color of state law which subjected Bishop to a deprivation of rights, privileges or immunities secured by the United States Constitution. *Tyler v. Whitehead,* 583 S.W.2d 240, 242 (Mo.App.1979); *Jennings v. Davis,* 476 F.2d 1271, 1275 (8th Cir.1973).

■ That the deprivation of Bishop's constitutional rights, if it occurred, was caused by one acting under color of state law is apparent. The state of Missouri is charged with the duty of appointing a physician to arrange necessary medical services for inmates within the Missouri correctional system. § 217.200, RSMo Supp. 1984. The Chief Medical Officer was acting pursuant to that statute when he rendered the decision to terminate Bishop's medical treatment. The definition of acting under color of state law was set forth in *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941): "Misuse of power, possessed by virtue of state law and made possible only because the wrong doer is clothed with the authority of state law, is action taken 'under color of' state law."

■ Turning to the issue of whether the Chief Medical Officer's conduct constituted a deprivation of Bishop's rights and demonstrated a deliberate indifference to Bishop's condition, we note that "[a] petition under the challenge of a motion to dismiss is judged with broad indulgence." The petition must be given every reasonable intendment and be viewed favorably to the pleader. *Tyler, supra,* at 242. This is especially true when determining whether

a *pro se* pleading states a cause of action under 42 U.S.C. § 1983. *Price v. Moody,* 677 F.2d 676, 677 (8th Cir.1982).

The Supreme Court in *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) stated:

We cannot say with assurance that under the allegations of the *pro se* complaint, which we hold to less stringent standards that formal pleadings drafted by lawyers, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" (Citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

■ The petition alleges that the Chief Medical Officer, not Bishop's treating physician, terminated Bishop's treatment without examining him to determine if the treatment was necessary. If the allegation is true, it may constitute an act of deliberate indifference and give rise to a valid § 1983 claim. *Corby v. Conboy,* 457 F.2d 251, 254 (2d Cir.1972); *Martinez v. Mancusi,* 443 F.2d 921, 924 (2d Cir.1970).

■ Allegations of mere negligence in the treatment of a prisoner's condition, or claims based on differences of opinion as to the best treatment method, do not state a federal constitutional question absent exceptional circumstances. *Jones v. Lockhart,* 484 F.2d 1192, 1193 (8th Cir.1973); and *United States ex rel. Hyde v. McGinnis,* 429 F.2d 864, 867 (2d Cir.1970). The prisoner is not the ultimate judge of what medical treatment is proper or necessary, *Cates v. Ciccone,* 422 F.2d 926, 928 (8th Cir.1970), and only deliberate indifference to a prisoner's serious medical needs amounts to a violation of a prisoner's civil rights. *Randall v. Wyrick,* 642 F.2d 304, 308 (8th Cir.1981); and *Freeman v. Lockhart,* 561 F.2d 728, 730 (8th Cir.1977).

The Supreme Court in *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), stated:

A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid

claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment.

The court further noted that "[r]egardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 105, 97 S.Ct. at 291.

It is impossible to determine from Bishop's petition the quality of medical care that he received. Bishop's allegations, if proven, may constitute negligence or malpractice and not give rise to a § 1983 claim, but a decision on the merits of his petition should have been postponed until the facts were ascertained. *Estelle*, 429 U.S. at 113, 97 S.Ct. at 295; *Haines* 404 at 521, 92 S.Ct. at 596; *Freeman* at 729; *Wilbron v. Hutto*, 509 F.2d 621, 622 (8th Cir.1975); and *Martinez* at 927.

Notwithstanding the inartful pleading of this *pro se* plaintiff, his petition when liberally construed states a cause of action upon which evidence should be addressed. This case is distinguishable from *Tyler v. Harper*, 670 S.W.2d 14, 16 (Mo.App.1984) which stated that this court would have to rewrite the petition rather than merely give it liberal construction in order to find a cause of action under § 1983. In *Tyler*, the petitioner made "no reference to any federal constitutional provisions or federal statutes...." *Id.* at 15. As previously mentioned, the *pro se* petitioner in the instant case made specific reference to federal constitutional provisions.

Bishop should have been provided an opportunity to substantiate his § 1983 claim under Count III. Judgment as to Counts I and II is affirmed; judgment as to Count III is reversed and remanded for proceedings consistent with this opinion.